(No. 50179.- <span style="background:black">   </span>

ELIZABETH ANN TOWNS, Appellant, v. YELLOW CAB COMPANY *et al.*, Appellees.

*Opinion filed October 6, 1978.*

114

Patrick A. Barton, of Bensenville, for appellant.

Jesmer and Harris, of Chicago (Francis X. Riley, of counsel), for appellee Joseph Smith, Jr.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Elizabeth Ann Towns, appeals from the appellate court's affirmance of an order entered by the circuit court of Cook County dismissing plaintiff's cause of action against defendant Joseph Smith, Jr., on the basis of *res judicata.*

On March 29, 1972, plaintiff was riding as a passenger in a cab owned by Yellow Cab Co., and driven by defendant Joseph Smith, Jr. While traveling south on the

Dan Ryan Expressway, in Chicago, the cab became involved in a multiple-car collision which resulted in injury to the plaintiff. In November 1972 plaintiff filed a five-count complaint seeking damages against Yellow Cab, its servant Joseph Smith, Jr., and the drivers of the three other vehicles. The allegations against Yellow Cab and Smith were all contained in count I, where it was charged that Yellow Cab, acting through Smith, committed the acts of negligence set forth in that count.

Yellow Cab Co. filed an answer on December 7, 1972. It did not deny agency but denied liability. With the filing of the answer, Yellow Cab submitted interrogatories to plaintiff, which plaintiff failed to answer. Three separate orders of the court directed her to do so, but she still failed to answer. Accordingly, on May 11, 1973, the court dismissed plaintiff's allegations against Yellow Cab with prejudice, pursuant to Supreme Court Rule 219(c) (58 Ill. 2d R. 219(c)). Plaintiff took no appeal from the order of dismissal, which was final and appealable by its terms.

Defendant Smith was not served with summons until October 22, 1973. Upon being served, Smith appeared and filed a motion for judgment, claiming that the judgment of May 11 was *res judicata.* After several continuances, the motion was heard by a motion judge on October 7, 1974, at which time it was denied. The case was consolidated with an action which Smith had pending against the other drivers involved in the accident, and assigned to a judge for pretrial conference.

Smith orally renewed his motion for judgment before the pretrial judge, making the same argument he had presented to the motion judge. It was his contention that Supreme Court Rule 273 (58 Ill. 2d R. 273), which in pertinent part provides that "an involuntary dismissal *** operates as an adjudication upon the merits," served to make the order dismissing Yellow Cab an adjudication of the issues between plaintiff and defendants Yellow Cab

(the master) and Joseph Smith (its servant). Contrary to the finding of the motion judge, the pretrial judge agreed with this contention and, accordingly, held that further action between plaintiff and defendant Smith was barred on the basis of *res judicata*. As noted above, the appellate court affirmed the decision of the trial court. (53 Ill. App. 3d 47.) We granted plaintiff's petition for leave to appeal.

Plaintiff raises two issues for our consideration. First, we must decide whether it was proper for the pretrial judge to consider the defendant's renewed motion for judgment after the motion had previously been considered and denied by the motion judge. Second, we must consider whether the trial court properly held that an adjudication upon the merits by virtue of Rule 273, in favor of defendant Yellow Cab, served to bar further action between the plaintiff and defendant Smith.

In rejecting the plaintiff's argument that the trial court improperly considered the defendant's renewed motion for judgment, the appellate court relied on Supreme Court Rule 304(a). That rule allows for appeals to be taken from final judgments as to one or more but fewer than all of the parties or claims if the trial court makes an express finding that there is no just reason for delaying the appeal. (58 Ill. 2d R. 304(a).) However, the rule further provides:

"In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 58 Ill. 2d R. 304(a).

Relying on this part of Rule 304(a), the appellate court, noting that the motion judge had not found that there was no just reason for delaying an appeal from his order, categorized the trial court's action as a revision of the nature authorized by the rule. The court, in so holding,

found the plaintiff's argument that the trial court's action was in fact a reversal, and not a Rule 304(a) revision, to be unconvincing.

We agree with the conclusion of the appellate court that the trial court acted within the bounds of its authority in amending the motion judge's order which refused to dismiss defendant Smith. It is not necessary, however, for us to decide whether the trial court's action was a "revision" as the term is used in Rule 304(a). We believe that the power of the trial judge in this case to reconsider the motion judge's order derived from the traditional power of a court to amend and revise interlocutory orders.

As noted above, Rule 304(a) provides that in the absence of an express finding by the court certifying the judgment for appeal, "any *judgment* that *adjudicates* fewer than all the claims \*\*\* is subject to revision at any time \*\*\*." (Emphasis supplied.) 58 Ill. 2d R. 304(a).

A judgment has been traditionally defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. (49 C.J.S. *Judgments* sec. 5 (1947).) Because judgments are final in nature, the rule developed that judgments as to fewer than all parties or claims were not only appealable, but had to be appealed if the rights of the party against whom the judgment had been entered were to be preserved. (Ill. Ann. Stat., ch. 110A, par. 304(a), Historical and Practice Notes, at 586 (Smith-Hurd 1968).) The appeal from judgments that were obtained as to one or more but fewer than all of the parties or claims, however, resulted in undesirable fragmentary appeals. Rule 304(a), like its precursor, former section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 50(2)), was designed to eliminate the absolute necessity for all such appeals by limiting the circumstances in which appeals from judgments that

determine less than all of the matters involved in a case may be taken. Thus, where a judgment is entered for plaintiffs on one or more but fewer than all the counts in a multicount complaint, but the judgment does not dispose of the other counts, the judgment is not appealable in the absence of an express certification by the trial court that there is no just reason for delaying appeal. (*Brown v. Whipple* (1974), 16 Ill. App. 3d 850.) Such judgments are, by operation of Rule 304(a), subject to revision before entry of a judgment that does in fact adjudicate all the claims and liabilities of the parties. *Highway Industries, Inc. v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235.

The significant fact remains that Rule 304(a) applies only to judgments. In the instant case, however, the finding by the motion judge was not a judgment. It did not settle or finalize any rights between the parties. A preliminary matter, that is, the sufficiency of the defendant's defense, was considered and rejected, but this did not dispose of a separate claim between the parties. (*Cf. Flynn & Emrich Co. v. Greenwood* (4th Cir. 1957), 242 F.2d 737, *cert denied* (1957), 353 U.S. 976, 1 L. Ed. 2d 1137, 77 S. Ct. 1060, where the court of appeals held that despite the district court's express finding of no just cause for delay for appeal from a "judgment" for plaintiff on defendant's counterclaim of estoppel, an appeal would not lie under Rule 54(b) (the Federal counterpart of Rule 304(a)) since estoppel is a defense and not a separate claim.) Under the facts of the instant case the finding could have only resulted in a judgment if the defendant had chosen to stand on his pleadings, prompting the eventual entry of a judgment by default. That, however, is not the case.

Clearly, the finding by the motion judge was in the nature of an interlocutory order. As we have indicated, courts have the inherent power to amend and revise such orders at any time before final judgment. (49 C.J.S.

*Judgments* sec. 230 (1947); 23 Ill. L. & Prac. *Judgments* sec. 308 (1956).) For example, in *Leopold v. Levin* (1970), 45 Ill. 2d 434, a second trial court vacated a summary judgment order which had been entered for plaintiff by the first trial court. In affirming the authority of the second trial court to vacate the summary judgment order, this court noted that summary judgments on the issue of liability only under section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 57(3)) are interlocutory in character and that "interlocutory order[s] may be modified or vacated at any time before final judgment" (45 Ill. 2d 434, 446).

In the instant case, the trial court had jurisdiction over the entire controversy, and would retain jurisdiction until final judgment. While prior rulings should be vacated or amended only after careful consideration, especially if there is evidence of "judge shopping" on behalf of one who has obtained an adverse ruling, a court is not bound by an order of a previous judge (*Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320) and has the power to correct orders which it considers to be erroneous. Here, the cause was assigned to the second judge as a matter of procedure. The defendant could properly renew his motion, even though it had been denied by another judge, and the pretrial judge, in turn, could review and modify the first judge's interlocutory order.

We have elected to consider the merits of plaintiff's argument on this point. We note, however, that when Smith's attorney renewed his argument of his motion before the pretrial judge and told the judge that he had the authority to consider the motion even though it had previously been denied by another judge, plaintiff's counsel did not object or contest the judge's authority to consider the motion. Instead he pursued only the merits of the motion.

The plaintiff argues that the trial judge was incorrect

in finding that the dismissal of the master, Yellow Cab, compelled dismissal of the servant, Smith. Plaintiff argues that while the dismissal of Yellow Cab was an adjudication on the merits by virtue of Rule 273, the adjudication contained no specific findings as to the alleged negligence of the servant, Smith, and was not an adjudication on the merits as to him. The plaintiff concludes that since there was no adjudication on the merits as to the servant, *res judicata* cannot bar the action.

As we have noted, Smith's employer, Yellow Cab, obtained a dismissal after the plaintiff refused three court orders to answer certain interrogations promulgated by Yellow Cab. The court's action, while harsh, is not at issue here and was authorized by Rule 219(c). The ultimate effect of a dismissal pursuant to Rule 219(c) is governed by Rule 273, which provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (58 Ill. 2d R. 273.)

The involuntary dismissal of Yellow Cab was for reasons other than the exceptions specified by the rule and, as such, operated as an adjudication upon the merits.

The doctrine of *res judicata* provides that an adjudication upon the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to subsequent action involving the same claim, demand, or cause of action. (*People v. Kidd* (1947), 398 Ill. 405.) The doctrine has special applicability in suits against masters or servants. Thus, the rule has evolved that a judgment for either the master or servant, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of

negligence where the agency relationship is not in question. This result obtains even though the defendant in the subsequent suit was not a party to the first action and despite the fact the cases find that a master and servant are technically not in privity. (Annot., 133 A.L.R. 181, 196-97 (1941); Annot., 23 A.L.R. 2d 710, 731 (1952).) In the instant case, then, if *res judicata* is otherwise applicable, it is of little consequence that the defendant was not served with summons until October 1973 and was not before the court when the initial order of dismissal was entered.

The general principles discussed are adhered to in this State. In *Anderson v. West Chicago Street R.R. Co.* (1902), 200 Ill. 329, the plaintiff brought an action for negligence against a lessee of certain railroad property, after judgment had been entered against the plaintiff in an action against the owner railroad company on the identical claim, that is, the negligence of the lessee. After characterizing the relationship between the lessor and lessee in that case as one of master-servant, this court affirmed the general rule that *res judicata* would apply to bar the subsequent action against the servant. The court rejected the plaintiff's arguments that the doctrine was inapplicable because the defendant was not a party in the first suit or was not in privity with any of the parties. This reasoning was employed years later in the case of *Spitz v. BeMac Transport Co.* (1948), 334 Ill. App. 508, where the appellate court, relying on *Anderson,* applied *res judicata* to bar a suit against a servant truck driver because the plaintiff had failed in an action against the employer-master predicated upon the alleged negligence of the servant.

The reasoning of these cases is sound. When an action is brought against a master based on the alleged negligent acts of his servant, and no independent wrong is charged on behalf of the master, his liability is entirely derivative,

being founded upon the doctrine of *respondeat superior.* In this regard, it has been said that the liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one. (*Aldridge v. Fox* (1952), 348 Ill. App. 96.) As such, any legal claim against the master must be said to be identical to that which the plaintiff may have asserted against the servant. The operative facts which comprise the alleged bases for liability of the master are identical to those which would prove the servant liable. Indeed, if the agency relationship is not in dispute, any act of the servant which renders the master liable also renders the servant liable. A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable. (See *Caldwell v. Kelly* (Tenn. 1957), 302 S.W.2d 815.) As was held in the frequently cited case of *Emery v. Fowler* (1855), 39 Me. 326, 63 Am. Dec. 627, to hold otherwise would allow the plaintiff to have two trials for the same cause of action.

This rationale, which summarizes the reasoning underlying the courts' approach to *res judicata* as it applies to the master-servant context, is relevant to the plaintiff's argument in the instant case. She contends that it is proper to apply *res judicata* to bar subsequent action against a servant only when there has been a trial and determination of the facts in the previous suit against the master. In this connection, she admits that Rule 273 may have the effect of making the dismissal against Yellow Cab an adjudication of the merits, but she argues that its effect was never meant to be extended to anyone other than the dismissed party. We find the plaintiff's arguments to be unconvincing.

The effect of an involuntary dismissal of a master on a subsequent action against the servant has been considered

by a Federal court in the case of *Mooney v. Central Motor Lines, Inc.* (6th Cir. 1955), 222 F.2d 572. In that case, an employer, who was sued for the alleged negligent acts of his servant, obtained an involuntary dismissal when the plaintiff failed to attend a deposition. Plaintiff then proceeded against the servant on the same claim of negligence, and the servant moved to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b), upon which our Rule 273 is based, likewise provides that an involuntary dismissal, other than for reasons similar to those specified in Rule 273, "operates as an adjudication on the merits." (Fed. R. Civ. P. 41(b).) The Sixth Circuit Court of Appeals affirmed the dismissal order, holding that an adjudication on the merits in favor of the employer, even though obtained by operation of Rule 41(b) and not as a result of trial, would serve to bar a subsequent action against the servant on the same claim of negligence.

Since Rule 273 is based upon Rule 41(b) of the Federal Rules of Civil Procedure (58 Ill. 2d R. 273, Committee Comments), we find convincing the *Mooney* court's interpretation of the effect of Rule 41(b) under the circumstances presented in that case. Here, we are faced with deciding the effect of a rule patterned after 41(b), under circumstances substantially similar to those in *Mooney.* We find that there is no reason here to hold differently.

In our view, to accept the plaintiff's arguments that an adjudication on the merits against a master should only bar a subsequent action against a servant when such prior adjudication results from a trial is to fail to give full force and effect to Rule 273. An adjudication on the merits is exactly that—a determination of the merits of the controversy. As we have seen, under the doctrine of *respondeat superior,* the claim against the master and servant are one and the same. Hence, assuming the agency relationship is admitted, a determination on the merits that the master is

not liable can only mean that the claim against the servant must likewise fail. And, while the instant case did not proceed to trial, it must be admitted that the plaintiff failed in her attempt to bind the master on the same claim that she now seeks to assert against the servant.

Many of the cases cited by the plaintiff were properly distinguished by the appellate court, and it would serve no purpose to repeat the court's discussion here. In this court, however, plaintiff cites *Rice v. Ringsby Truck Lines* (7th Cir. 1962), 302 F.2d 550, for additional authority in support of her position. In *Rice,* in a prior suit a judgment was obtained against Rice's employer for property damage resulting from an accident in which Rice was the driver of his employer's vehicle. The court of appeals refused to apply *res judicata* in a later suit by Rice for personal injuries, holding that he was entitled to his day in court. *Rice* involved an entirely different situation. The court also admitted that under the circumstances presented in the case it was not certain that the first verdict was based on the servant's negligence. 302 F.2d 551, 552-53.

In summation, we feel the trial court properly applied Rule 273 to bar plaintiff's action against Joseph Smith, Jr. This result is compelled where, as here, the master admits the agency relationship and where the pleadings charge the master with only the negligent acts of the servant. For the reasons discussed, a finding on the merits that the master is not liable is thus a determination that the servant committed no actionable wrong against the plaintiff. Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*