(No. 80-CC-0771—)

Christine L. Verda, Claimant, *v.* The State of Illinois, Respondent.

*Order filed August 1, 1983.*

Louis E. Olivero, for Claimant.

Neil F. Hartigan, Attorney General (Saul Wexler, Special Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This cause coming to be heard upon the motion of the Respondent for summary judgment, due notice being given and the Claimant not having filed any response thereto and the Court being fully advised:

Finds that the cause of action filed by Claimant in the Circuit Court of Bureau County, Illinois, No. 80-L-70, against the Respondent's employee alleging similar acts of negligence, resulted in judgment in favor of the employee after trial by jury. The complaints in this Court and in the circuit court are nearly identical, with common issues of law and facts alleged. Therefore this cause is subject to disposition upon motion for summary judgment.

Any liability of the Respondent in this Court is based upon the doctrine of *respondeat superior*. There are no other independent grounds of liability claimed to impose liability upon the Respondent. The verdict in favor of the agent of the Respondent on identical issues raised herein prohibits imposition of liability on the principal, the State of Illinois. See *Hunt v. State* (1979), 32 Ill. Ct. Cl. 443, 444.

The claim in this Court is also barred by the operation of the doctrine of *res judicata*. The prior adjudication of the case in the circuit court bars the claim in this Court. (*Gall v. State* (1977), 32 Ill. Ct. Cl. 136, 137; *Consolidated Distilled Products v. Allphin* (1978), 73 Ill. 2d 19, 22, 382 N.E.2d 217, 218.) The application of that doctrine applies to claims against masters and servants. In *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217, it was said:

". . . that a judgment for either the master or servant, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question. This result obtains even though the defendant in the subsequent suit was not a party to the first action . . ." 73 Ill. 2d 113, 122-23, 382 N.E.2d 1217, 1221.

The verdict in favor of the State's employee is binding and conclusive in the claim against the State, even though the State was not a party defendant in the action in the circuit court. There are no disputed issues of fact for this Court to adjudicate. Therefore, as a matter of law, summary judgment is properly granted in favor of the Respondent.

It is hereby ordered:

That the motion of the Respondent for summary judgment be, and the same is hereby granted in favor of the Respondent and against the Claimant.

153

That the claim of the Claimant is therefore dismissed with prejudice.