HENRY WILLIAMS *et al.*, Plaintiffs-Appellants, v. JIMMIE M. BOLSTEN, Defendant-Appellee.

First District (5th Division)   No. 1—87—2119

Opinion filed June 16, 1989.

Gary B. Katz, of Benjamin & Shapiro, Ltd., of Chicago, for appellants.

Herbert P. Carlson and Timothy J. Lowery, both of Iversen, Carlson & Associates, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs, Henry Williams and Andrew Suett, appeal from the entry of summary judgment on the grounds of *res judicata* in favor of

defendant, Jimmie M. Bolsten. We address the issue of whether a dismissal with prejudice under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) is an adjudication on the merits under Supreme Court Rule 273 (107 Ill. 2d R. 273). We affirm.

On November 4, 1982, plaintiffs filed a complaint for negligence against defendant and Hubbard Trucking for injuries resulting from an automobile accident. Plaintiffs alleged that at the time of the accident, defendant was driving a vehicle as the agent of Hubbard Trucking, which owned the vehicle, and that defendant's negligent conduct was the direct and proximate cause of plaintiffs' injuries. Plaintiffs did not allege any independent acts of negligence against Hubbard Trucking.

Plaintiffs served defendant with complaint and summons. In defendant's answer, he admitted he was an agent of Hubbard Trucking and denied the remaining allegations of negligence.

Plaintiffs, however, failed to serve Hubbard Trucking. As a result, Hubbard Trucking moved to dismiss pursuant to Supreme Court Rule 103(b), arguing that plaintiffs did not exercise reasonable diligence to obtain service. The trial court granted the motion and dismissed plaintiffs' complaint against Hubbard Trucking with prejudice as required by the rule when a plaintiff fails to exercise diligence after the statute of limitations expires. The order entered also stated, "The case shall continue against the remaining defendant Bolsten." At a later hearing, the trial judge explained that this language was only included in the order to indicate to the computer operators in the clerk's office that the case remained pending.

Subsequently, defendant moved for summary judgment on the grounds of *res judicata*. He argued that the Rule 103(b) dismissal with prejudice of Hubbard Trucking, the principal, was an adjudication on the merits as to himself, the agent. On January 28, 1987, the trial court granted summary judgment finding that under Rule 273, a Rule 103(b) dismissal with prejudice of the principal barred the action against the agent.

Plaintiffs filed a motion for reconsideration which was heard on June 3, 1987. At that hearing, plaintiffs filed a motion for leave to amend their complaint. Both motions were denied. Plaintiffs filed a timely notice of appeal.

OPINION

■■ ■ According to the doctrine of *res judicata*, an adjudication on the merits is conclusive as to the rights of the parties and their privies and is an absolute bar to a subsequent action against them in-

volving the same claim, demand, or cause of action. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) Supreme Court Rule 273 establishes which dismissal orders are adjudications on the merits. The rule provides:

"Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (107 Ill. 2d R. 273.)

Initially, plaintiffs raise two arguments that Rule 273 does not apply to the present case.

First, plaintiffs argue that the order dismissing Hubbard Trucking indicated that it was not an adjudication on the merits because it stated, "The case shall continue against the remaining defendant Bolsten." However, the trial judge stated that the language was not a ruling concerning whether the dismissal operated as an adjudication on the merits but that the language was only included to inform the computer operators that the case was still pending. As such, the dismissal order did not specify that it was not an adjudication on the merits.

Second, plaintiffs argue that a Rule 103(b) dismissal is a dismissal for lack of jurisdiction. Plaintiffs raise this argument for the first time on appeal and do not support it with citation to authority. Accordingly, plaintiffs have waived this argument. (107 Ill. 2d R. 341(e)(7); *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) We note, however, that contrary to plaintiffs' argument, a motion for Rule 103(b) dismissal is not the equivalent of a dismissal for lack of jurisdiction. See *Caliendo v. Public Taxi Service, Inc.* (1966), 70 Ill. App. 2d 86, 217 N.E.2d 369.

Plaintiffs also assert that a Rule 103(b) dismissal of a principal is not an adjudication on the merits as to an agent, relying on *Hansel v. Chicago Transit Authority* (1971), 132 Ill. App. 2d 402, 270 N.E.2d 553. In *Hansel*, the defendant-agent was dismissed with prejudice pursuant to Rule 103(b) for plaintiff's failure to exercise reasonable diligence in obtaining service of process. In affirming the dismissal and addressing plaintiff's concern that a directed verdict would be entered in favor of the defendant-principal on new trial, the appellate court noted, "Dismissal [of the agent] was for failure to comply with the rules of the court and does not affect plaintiff's right of action against the [principal]." (*Hansel*, 132 Ill. App. 2d at 409, 270 N.E.2d at 557.) Plaintiffs in the present case claim the quoted language from *Hansel* is authority for this court to find that a Rule 103(b) dismissal of a

principal does not bar the same action against the agent. The court in *Hansel*, however, did not consider the application of Rule 273 to a Rule 103(b) dismissal with prejudice.

The quoted statement from *Hansel* appears inconsistent with the supreme court's subsequent holding in *Towns*, on which defendant relies. The court held that an adjudication on the merits in favor of the principal bars the same action against the agent. In *Towns*, plaintiff sued a cab company and its driver for personal injuries resulting from a car accident. Plaintiff alleged that the cab company, acting through its driver, committed certain negligent acts. In its answer to the complaint, the cab company admitted that the driver was its agent. Subsequently, the cab company was dismissed with prejudice pursuant to Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)) as a sanction for plaintiff's failure to comply with court orders pertaining to discovery. The driver was later granted summary judgment on the basis that the dismissal of the cab company was an adjudication on the merits and barred plaintiff's action against the driver. On appeal, the supreme court noted:

> "When an action is brought against a master based on the alleged negligent acts of his servant, and no independent wrong is charged on behalf of the master, his liability is entirely derivative, being founded upon the doctrine of *respondeat superior*. *** [T]he liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one. [Citation.] *** A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable." (*Towns*, 73 Ill. 2d at 123-24, 382 N.E.2d at 1221-22.)

The supreme court affirmed the trial court's entry of summary judgment in favor of the driver finding that the dismissal with prejudice of the cab company as a discovery sanction was an adjudication on the merits under Rule 273 barring plaintiff's action against the driver.

Defendant also relies on *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 455 N.E.2d 200. From our research, *Fountas* is the only Illinois case which specifically found that a Rule 103(b) dismissal with prejudice is an adjudication on the merits under Rule 273. Accordingly, the appellate court in *Fountas* gave *res judicata* effect to a Rule 103(b) dismissal with prejudice.

We believe that *Towns* and *Fountas* are applicable to the present case. Under *Towns*, an adjudication on the merits in favor of

the principal bars the same action against the agent. Under *Fountas*, a Rule 103(b) dismissal with prejudice is an adjudication on the merits under Rule 273. In the present case then, the Rule 103(b) dismissal with prejudice of Hubbard Trucking is an adjudication on the merits under Rule 273 and bars the action against defendant. Accordingly, the trial court properly granted defendant's motion for summary judgment as there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law. See Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).

Plaintiffs argue that the trial court improperly denied their motion to amend their complaint. The denial of a motion to amend will not be reversed on appeal absent an abuse of discretion. (*Harrington v. Chicago Sun-Times* (1986), 150 Ill. App. 3d 797, 502 N.E.2d 332.) Plaintiffs did not file their motion until four months after summary judgment was entered, which was 4½ years after the complaint was filed. Under the circumstances, the trial court did not abuse its discretion when it denied plaintiffs' motion to amend. See *Harrington*, 150 Ill. App. 3d 797, 502 N.E.2d 332 (denial of motion to amend was not an abuse of discretion when motion was filed more than seven months after the entry of summary judgment and more than three years after the complaint was filed).

Plaintiffs also argue that their due process rights have been violated; however, this issue was not raised at the trial court level until plaintiffs filed a motion to reconsider the entry of summary judgment. At that point, they did not cite any authority to support their argument. On appeal, plaintiffs raised the issue but again did not cite authority until they filed their reply brief. The two cases plaintiffs cited, however, are inapplicable to the present case. Accordingly, we find that plaintiffs have waived this argument. 107 Ill. 2d R. 341(e)(7); *Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387.

Affirmed.

MURRAY, P.J., and PINCHAM, J., concur.