VINCENT MARTIN, Plaintiff-Appellant, v. YELLOW CAB COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—89—2228

Opinion filed December 31, 1990.

Law Offices of Neil Kauffman, of Chicago (Neil Kauffman, of counsel), for appellant.

Jesmer & Harris, of Chicago (Theodore E. Bacoyanis, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Vincent Martin, appeals from the order of the circuit court of Cook County granting defendant Yellow Cab Company's motion for summary judgment and its denial of plaintiff's motion to reconsider. The record reveals that on October 15, 1985, plaintiff was involved in a car accident with defendant Albert Stokes, who was driving a cab owned by Yellow Cab Company. As a result of personal injuries sustained by plaintiff during the collision, on October 15, 1987, plaintiff filed suit against Albert Stokes and Yellow Cab Company, alleging negligence on the part of Stokes and vicarious liability against Yellow Cab Company under a theory of *respondeat superior*. On June 2, 1989, claims against defendant Stokes were dismissed pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), for failure

to exercise due diligence in service of process upon him. Thereafter, Yellow Cab Company filed a motion for summary judgment on June 2, 1989, on the grounds of *res judicata,* asserting that in accordance with Supreme Court Rule 273 (107 Ill. 2d R. 273), a dismissal of its agent Stokes operated as an adjudication on the merits of plaintiff's claim against Yellow Cab Company.

At the June 9, 1989, hearing on Yellow Cab Company's motion for summary judgment, plaintiff requested additional time to respond to the motion and moved *instanter* for leave to file an amended complaint. The request for additional time to respond to the motion was granted. However, the trial court reserved ruling on plaintiff's motion for leave to file an amended complaint until the hearing scheduled for June 21, 1989, on defendant's motion for summary judgment. Plaintiff filed his response to the motion and his motion for leave to file an amended complaint. The amended complaint included the additional counts of negligent entrustment and negligent hiring against Yellow Cab Company.

At the June 21, 1989, hearing on defendant's motion for summary judgment, the trial court granted defendant's motion and denied plaintiff's motion for leave to file an amended complaint and his motion to depose Yellow Cab Company. Plaintiff filed a motion to reconsider the trial court's June 21, 1989, order and vacate the summary judgment which was denied by the trial court on July 27, 1989. The court reasoned that plaintiff failed to present any new case law or any new interpretation of the supreme court rules.

■ Plaintiff contends on appeal that the trial court abused its discretion in refusing to consider his motions for leave to file an amended complaint and leave to depose Yellow Cab Company until after it ruled on defendant's motion for summary judgment. Summary judgment is a drastic means of disposing of litigation and should be granted only when the right of the moving party is free from doubt and it is determined solely as a question of law. (*Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 596, 491 N.E.2d 803; *Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 1016, 436 N.E.2d 598, 602.) Summary judgment should be granted where the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Harrington v. Chicago Sun-Times* (1986), 150 Ill. App. 3d 797, 801, 502 N.E.2d 332; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.

In the present case, the trial court dismissed the complaint against Yellow Cab Company based on its dismissal of Stokes pursu-

ant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), which provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

Dismissal of a complaint pursuant to Rule 103(b) is within the sound discretion of the trial court, and the court's ruling will not be disturbed on review absent an abuse of discretion. (*Schusterman v. Northwestern Medical Faculty Foundation* (1990), 195 Ill. App. 3d 632, 638, 552 N.E.2d 1178.) In determining whether a complaint should be dismissed under Rule 103(b), the court may consider: (1) the amount of time it takes to obtain service; (2) plaintiff's efforts to obtain service; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which defendant's location could have been determined; (5) defendant's actual knowledge of the pendency of the action; and (6) any special circumstances affecting plaintiff's efforts. *Schusterman*, 195 Ill. App. 3d at 638; *Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 288, 492 N.E.2d 1, 4.

A dismissal pursuant to Supreme Court Rule 103(b) is an involuntary dismissal, and it is governed by Rule 273, which provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (107 Ill. 2d R. 273.)

Stokes was involuntarily dismissed for failure to exercise due diligence in service of process upon him. Therefore, his dismissal does not fall within one of the exceptions noted in Rule 273 and the dismissal of Stokes operated as an adjudication on the merits. In *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217, our supreme court specifically addressed the issue before this court, holding:

> "The doctrine of *res judicata* provides that an adjudication upon the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to subsequent action involving the same claim, demand, or cause of action. [Cita-

tion.] The doctrine has special applicability in suits against masters or servants. Thus, the rule has evolved that a judgment for either the master or servant, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question. This result obtains even though the defendant in the subsequent suit was not a party to the first action and despite the fact the cases find that a master and servant are technically not in privity." (*Towns*, 73 Ill. 2d at 122-23.)

In the present case, the agency relationship between Stokes and Yellow Cab Company was not in dispute and Yellow Cab Company was sued under the theory of *respondeat superior.* The complaint alleged that Stokes as the cab driver was negligent in his operation of the cab and under the theory of *respondeat superior* Yellow Cab Company was also liable. The liability of Stokes and Yellow Cab Company "is deemed that of one tortfeasor and is a consolidated or unified one." (*Towns*, 73 Ill. 2d at 124.) Since the liability of Yellow Cab Company was predicated upon the alleged negligence of Stokes, as evident by plaintiff's failure to allege any independent acts of negligence committed by Yellow Cab Company, it was in privy with Stokes, and plaintiff was barred from asserting the same claim against Yellow Cab Company to whom liability was based solely upon the doctrine of *respondeat superior*.

■ Plaintiff correctly argues that amendments to pleadings should be liberally allowed (Ill. Rev. Stat. 1987, ch. 110, par. 1—101 *et seq.*), and a court may permit a complaint to be amended at any time prior to final judgment. (*Taylor*, 142 Ill. App. 3d at 591; Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a).) However, it is well established that whether an amendment, particularly a late amendment, is granted or denied is within the sound discretion of the trial court. (*Taylor*, 142 Ill. App. 3d at 591; *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 579, 397 N.E.2d 84, 87.) Moreover, the trial court's decision denying a motion to amend will not be reversed on appeal absent an abuse of discretion. *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 837, 540 N.E.2d 966; *Harrington*, 150 Ill. App. 3d 797; *Russ v. Pension Consultants Co.* (1989), 182 Ill. App. 3d 769, 778, 538 N.E.2d 693.

In determining whether an amended complaint should be allowed, the trial court may consider the timeliness of the proposed amendment. (*Harrington*, 150 Ill. App. 3d at 805; *Talas v. Youngstown Sheet & Tube Co.* (1985), 134 Ill. App. 3d 103, 479 N.E.2d 1052.) Moreover, in determining whether there has been an abuse of discretion, a court

of review must consider whether the proposed amendment would cure the defective pleading; whether the other party would be prejudiced or surprised by the proposed amendment; the timeliness of the proposed amendment; and whether there were previous opportunities to amend the pleadings. *Russ*, 182 Ill. App. 3d at 778.

■■■ In the instant case, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend. The accident occurred on October 15, 1985; however, the complaint naming both Albert Stokes and Yellow Cab Company was not filed until October 15, 1987, just prior to the expiration of the statute of limitations. During the two-year period between the accident and the filing of the complaint, plaintiff had ample time to discover any independent causes of action against Yellow Cab Company. In *Harrington v. Chicago Sun-Times* (1986), 150 Ill. App. 3d 797, we determined that the trial court did not abuse its discretion in denying plaintiff's motion to amend, where the proposed additional counts were based on facts accessible to the plaintiff when the original complaint was filed. In the instant case, based on the content of the proposed amended complaint, the same facts that were available when plaintiff sought leave to file his amended complaint were available when plaintiff filed his original complaint. Moreover, the motion to amend was filed 20 months after the complaint was filed and more than three years after the accident. (See *Taylor*, 142 Ill. App. 3d 584.) Notwithstanding the passage of time, on the day that defendant's motion for summary judgment was scheduled to be heard, plaintiff sought leave to amend his complaint to raise the issues of negligent entrustment and negligent hiring without alleging any facts to support his allegation. Summary judgment is appropriate where a complaint which purports to raise an issue of material fact is not supported by evidentiary facts. *Harrington*, 150 Ill. App. 3d at 801.

The trial court reviewed the contents of the amended complaint at the June 21, 1989, hearing and after an extensive colloquy with plaintiff's counsel concluded that plaintiff failed to assert any facts in the amended complaint to support an independent theory of negligence against Yellow Cab Company. Moreover, the trial judge concluded that it was defective and would be subject to a motion to dismiss. Plaintiff's proposed amended complaint sought to add a negligent entrustment count and a negligent hiring count. However, we have previously held that a negligent entrustment count could not stand against an employer where the employer had admitted responsibility for the conduct of the employee. (*Ledesma v. Cannonball, Inc.* (1989), 182 Ill. App. 3d 718, 727-28, 538 N.E.2d 655; *Neff v. Davenport Packing Co.*

(1971), 131 Ill. App. 2d 791, 792, 268 N.E.2d 574.) The *Neff v. Davenport Packing Co.* court reasoned that where liability of a third party is predicated upon the negligent conduct of the driver, the third party is not liable absent the driver's negligence. In the present case, defendant did not deny plaintiff's allegation that Stokes was driving the cab with the consent of Yellow Cab Company when it answered the complaint. Therefore, when the complaint based on negligence was dismissed against Stokes, Yellow Cab Company was no longer liable under a negligent entrustment theory.

■■ Plaintiff also sought to add a negligent hiring count in his proposed amended complaint. In addressing this issue, we previously held that in a master-servant relationship, an employer is liable for hiring and retaining unfit and incompetent employees under the tort of negligent hiring where there has been an intentional tort or criminal conduct by the employee. (*Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1981), 95 Ill. App. 3d 856, 857-58, 420 N.E.2d 737.) In the case at bar, the record does not reflect that Stokes' operation of the cab involved an intentional act or criminal activity. Therefore, plaintiff also could not recover under a negligent hiring theory. The ultimate efficacy of a claim as well as the previous opportunities to assert it should be considered in deciding on a motion to amend. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 193 N.E.2d 833; *Taylor*, 142 Ill. App. 3d at 591.) In viewing the ultimate efficacy of the claim, even if the trial court would have allowed the plaintiff to amend his complaint, neither the negligent entrustment theory nor the negligent hiring theory would have affected the outcome of the case. We are compelled to conclude that the trial court did not abuse its discretion in granting defendant's motion for summary judgment without granting plaintiff leave to amend his complaint since there are no genuine issues of material fact and defendant was entitled to judgment as a matter of law.

Accordingly, the judgment of the circuit court of Cook County granting summary judgment in favor of Yellow Cab Company and denying plaintiff's motion to file an amended complaint and depose Yellow Cab Company is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.