TED BRADY *et al.*, Plaintiffs-Appellants, v. RICHARD JOOS *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 1—92—4208

Opinion filed March 29, 1994.—Rehearing denied April 28, 1994.

Sternberg & Associates, P.C., of Chicago, for appellants.

Conklin & Roadhouse, of Chicago (Timothy J. Forman, of counsel), for appellee North Star Transport, Inc.

Iversen, Carlson & Associates, of Chicago (Herbert P. Carlson and Gerard C. Fosco, of counsel), for appellee Preston Trucking Company, Inc.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Plaintiffs Ted Brady and Brian Brock appeal from the entry of summary judgment in favor of defendants Preston Trucking Company, Inc. (Preston), and North Star Transport, Inc. (North Star). On appeal, plaintiffs contend that (1) the circuit court erred when it found that the previous dismissal of codefendant Richard Joos with prejudice pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) constituted a judgment on the merits; (2) the circuit court inappropriately modified the Rule 103(b) dismissal order by a previous judge; and (3) summary judgment was inappropriate.

On July 19, 1984, plaintiffs were injured when the truck in which they were traveling collided with a truck driven by Joos. At that time, Joos' truck was owned by him, leased to Preston, and "trip leased" to North Star. On July 18, 1986, plaintiffs filed a complaint alleging that Joos negligently operated his vehicle and that Preston and North Star were jointly and severally liable with him under the doctrine of *respondeat superior*. Plaintiffs also alleged that Preston and North Star were negligent in their maintenance of the vehicle.

On August 6, 1990, Preston moved to dismiss codefendant Joos pursuant to Supreme Court Rule 103(b) for lack of diligence in serving him process. On November 14, 1990, a hearing was held on the motion. At the hearing, the judge stated:

"[P]ursuant to Supreme Court Rule 103(b) the plaintiff's, plural, [*sic*] action against the defendant Richard Joos is dismissed and it is dismissed with prejudice.

However, I wish the order to reflect under no circumstances should this order be interpreted as an adjudication on the merits of plaintiffs' claim against the defendant, Joos, but should be solely and exclusively interpreted as a dismissal of the defendant Joos based upon the provisions of [R]ule 103(b) for failure to exercise due diligence in effectuating service."

When Preston's counsel argued that "with prejudice is synonymous with adjudication on the merits," the judge responded that he understood that a dismissal on the merits could "extricate the principal trucking company out of the case" unless he specified otherwise under Supreme Court Rule 273 (134 Ill. 2d R. 273). The judge then issued an order stating in pertinent part:

"The complaint of Plaintiffs Ted Brady and Brian Brock, against Defendant Richard Joos, is dismissed with prejudice pursuant to Supreme Court [R]ule 103(b); this order shall not be interpreted as an adjudication on the merits as to plaintiffs' complaint against Richard Joos."

On December 18, 1990, a hearing was held on Preston's motion to vacate the earlier order. At the hearing, the judge stated that he would amend the order to state that the ruling pertained only to the Rule 103(b) claim and should not be interpreted as an adjudication of the merits of plaintiffs' complaint. The judge then discussed the issue with Preston's attorney and stated that under the then recent case of *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 835, 540 N.E.2d 966, and under Rule 273, he was entitled to specify his basis for dismissal so that future courts would know "what will or will not be *res judicata*." The judge then entered the following order:

"The order of November 14, 1990 is hereby amended to read as follows: The Complaint of Plaintiffs, Ted Brady and Brian Brock, against Defendant Richard Joos, is dismissed with prejudice pursuant to Supreme Court [R]ule 103(b); this order shall not be interpreted as an adjudication on the merits of the plaintiffs' claim raised in their defense against Defendant, Richard Joos, but shall be interpreted as an adjudication on the merits of defendants' 103(b) claim."

Thereafter, the matter was transferred to mandatory arbitration where an arbitrator found in favor of defendants and against plaintiffs. On February 18, 1992, plaintiffs filed notice of their rejection of the arbitration award and the matter was then reassigned to the trial call, where it was sent to another judge for trial.

Prior to trial, both North Star and Preston moved for summary

judgment alleging that since Joos was no longer a party to the litigation, plaintiffs' theory of *respondeat superior* must necessarily fail. After a hearing on the motion, the new judge ruled on August 4, 1992, that:

> "The prior dismissal in this cause, of defendant, Richard Joos, with prejudice is a final judgment on the merits. To the extent any prior order entered in this cause differs with this holding, it is hereby vacated to the extent of that difference but otherwise remains in full force and effect."

Two days later, the judge granted summary judgment as to all issues except for the maintenance issues. On October 28, 1992, summary judgment was granted on the remaining issues.[1] This appeal followed.

Plaintiffs first contend that the December 18, 1990, order dismissing Joos was only on the merits of Preston's Rule 103(b) motion and was not a determination of the merits of the underlying claim. They maintain that the first judge "specified otherwise" as authorized by Supreme Court Rule 273. Both Preston and North Star respond that the language of Rule 103(b) mandates that such a dismissal be with prejudice and that Rule 273 provides no authority to the circuit court to specify otherwise.

■ Supreme Court Rule 103(b) provides in pertinent part:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." (134 Ill. 2d R. 103(b).)

Furthermore, the law is well settled that dismissing a party with prejudice pursuant to this rule precludes the imposition of vicarious liability under the doctrine of *respondeat superior* on another party. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 123-24, 382 N.E.2d 1217; *Stroud v. News Group Chicago, Inc.* (1991), 215 Ill. App. 3d 1006, 1011-12, 576 N.E.2d 152.) The rationale underlying those cases is that the doctrine of *res judicata* constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Towns*, 73 Ill. 2d at 122-23.

■ In the instant case, plaintiffs do not contest the propriety of Joos' Rule 103(b) dismissal. Instead, they assert that the first judge specifically intended to dismiss only Joos and not to resolve the merits of their claim or to preclude the imposition of vicarious liability

---

[1]Plaintiffs do not challenge on appeal the granting of summary judgment on the maintenance issues.

against Preston and North Star. Because that judge found that the lack of diligence occurred after the expiration of the statute of limitations, the plain language of Rule 103(b) would appear to require that the dismissal be "with prejudice." Further, our courts have repeatedly held that a dismissal with prejudice is synonymous with an adjudication on the merits. (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 950, 420 N.E.2d 425 (stating that "a dismissal with prejudice denotes an adjudication on the merits and is *res judicata*"); *In re Estate of Crane* (1951), 343 Ill. App. 327, 342, 99 N.E.2d 204 (stating that a "dismissal with prejudice is a final judgment on the merits").) Moreover, our courts have held that Rule 103(b) must be read in conjunction with Supreme Court Rule 273, which states that unless "otherwise specifie[d]," an involuntary dismissal is considered to be "on the merits." (*Martin v. Yellow Cab Co.* (1990), 208 Ill. App. 3d 572, 575, 567 N.E.2d 461; *Williams*, 184 Ill. App. 3d at 835; *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 671, 455 N.E.2d 200.) Therefore, the question before us is whether or not the discretionary language of Rule 273 modifies the mandatory language under Rule 103(b). We hold that it does not.

▊ Supreme Court Rule 273 provides:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (134 Ill. 2d R. 273.)

Although several courts have recognized the concurrent application of Rules 103(b) and 273, none has ever been faced with the issue presented here.

In *Martin*, the court held that where an employee was dismissed for failure to exercise due diligence in service of process, and where the dismissal did not fall within the exceptions to Rule 273, any claims against the employer based solely on *respondeat superior* were barred as *res judicata*. *Martin*, 208 Ill. App. 3d at 575-76.

In *Williams*, however, the court stated, in *dicta*, that the language of Rule 273 could alter the residual effects of a Rule 103(b) dismissal. In that case, the plaintiffs argued on appeal that the dismissal did not operate as an adjudication on the merits because the circuit court's order included the statement that "[t]he case shall continue against the remaining defendant Bolsten." (184 Ill. App. 3d at 835.) The appellate court rejected that argument, however, and found that the dismissal was on the merits because the record disclosed that the judge included the language only to indicate to the computer operators in the clerk's office that the case remained pending rather

than to specify that the order have anything other than the usual effect. *Williams*, 184 Ill. App. 3d at 834-35.

●4 Unlike *Williams*, the record here is replete with evidence that the first judge intended for Joos' dismissal to have a different effect. The record reveals that he was aware of the *Williams* case and the wording and interpretation of the relevant rules. Apparently, he was unwilling to issue a ruling disposing of the entire claim and absolving North Star and Preston simply because codefendant Joos had never been served. Although we recognize the rationale for his effort, we nevertheless hold that the language of Rule 273 does not modify the mandatory language of Rule 103(b). Rule 103(b) dismissals, which by definition are "with prejudice," have always been treated as final judgments "on the merits." Moreover, we believe that the mandatory language of Rule 103(b) is the equivalent of a "statute" which specifies otherwise under Rule 273 and prevents anything other than the intended effect of a Rule 103(b) dismissal from occurring. Rule 273 therefore cannot be used to offset the effect of Rule 103(b). Accordingly, we hold that the first judge erred when he attempted to alter the natural effect of Joos' dismissal.

●5 Plaintiffs next contend that defendants conducted "judge shopping" and that the successor judge erred when he ruled that the earlier judge's ruling was "a final judgment on the merits." North Star responds that there was no judge shopping; the successor judge received the case after it had been reassigned to him after arbitration and through the ordinary methods of judicial assignment. It therefore maintains that, in the absence of evidence of bad faith, that judge had the authority to reconsider the earlier judge's ruling.

The law is well settled that once a circuit court has exercised its discretion in making a decision, that ruling should not be disturbed by another circuit court simply because there was a disagreement as to how that discretion was exercised. (*Balciunas v. Duff* (1983), 94 Ill. 2d 176, 188, 446 N.E.2d 242.) However, in the absence of evidence of bad faith or judge shopping, a successor judge may entertain a motion to reconsider a prior judge's ruling. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 214, 531 N.E.2d 1358 (holding that it was proper for a successor judge to rule on a party's motion for reconsideration of the denial of a summary judgment motion).) Because the record discloses that the successor judge received this case as a matter of routine assignment rather than as a result of bad faith or judge shopping, we cannot conclude that he exceeded his authority when he ruled that the earlier judge's dismissal of Joos constituted an adjudication on the merits. Because the earlier judge's order was interlocutory and could not be appealed without the requisite language of Supreme

Court Rule 304(a) (134 Ill. 2d R. 304(a)), the issue could properly be addressed by the successor judge.

 Plaintiffs finally contend that summary judgment was inappropriate in this case because it was based on the belief that any *respondeat superior* liability was negated by Joos' Rule 103(b) dismissal. We disagree. Because Joos' Rule 103(b) dismissal constituted a final judgment on the merits, no genuine issue of material fact remained regarding Preston's or North Star's vicarious liability. See *Towns*, 73 Ill. 2d at 123-24; *Stroud*, 215 Ill. App. 3d at 1011-12.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.