SIXTH DIVISION 

                                         August 1, 1997

  

   

No. 1-96-1914  

DANIEL T. CASEY,                  )  Appeal from the  

                                  )  Circuit Court of 

Plaintiff-Appellant,         )  Cook County

                                  )

v.                           )  No. 92 L 09123

                                  )

FOREST HEALTH SYSTEM, INC.,       )

OF ILLINOIS,                      )

                                  )

Defendant-Appellee           )

                                  )

(Ralph Menezes and                ) 

Kathy Pasic,                      )  Honorable

                                  )  Barbara Disko, 

Defendants).                 )  Judge Presiding. 

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:  

Plaintiff Daniel Casey attempted to commit suicide by jumping in front of a Chicago Transit Authority train.  Prior to his suicide attempt, plaintiff was a patient at defendant Forest Health System, Inc., a hospital that renders psychiatric and psychological services, and was treated by Dr. Ralph Menezes, the medical director of defendant, and Kathy Pasic, a psychologist.  For injuries sustained in his suicide attempt, plaintiff filed a negligence action against defendant Forest Health System, Dr. Menezes and Pasic.  Subsequently, the trial court granted summary judgment in favor of defendant.        

On appeal, the sole issue presented by plaintiff is whether a genuine issue of fact existed to preclude summary judgment for defendant.  The alleged genuine issue of fact on which plaintiff relies is whether liability could be imposed on defendant under the theories of 
respondeat
 
superior
 or agency, either actual or apparent, arising from Dr. Menezes' relationship to defendant.  

Although there may be an issue of fact as to the issue of apparent agency, we affirm the entry of summary judgment in favor of defendant because, under the Illinois Supreme Court's holding in 
Gilbert v. Sycamore Municipal Hospital
, 156 Ill. 2d 511, 528 (1993), any possible liability on the part of defendant was extinguished when plaintiff entered into a settlement agreement with Dr. Menezes.     

From December 17, 1990, through January 15, 1991, plaintiff was treated as a patient in defendant Forest Health System.  On March 6, 1991, plaintiff sustained personal injuries in a suicide attempt.  

On July 23, 1992, plaintiff filed a three-count complaint against defendant, Dr. Menezes and Kathy Pasic.  Count I was directed against defendant as an alleged principal through the negligence of Dr. Menezes as an employee or agent of defendant.  Count II was directed against defendant as an alleged principal through the negligence of Pasic as an employee or agent of defendant.  Count III, the only count directed solely against defendant, alleged that defendant knew plaintiff's insurance proceeds would cover 100% of in-hospital charges for only 30 days and that defendant was negligent in its discharge of plaintiff once the insurance proceeds had been exhausted.  In its responses to plaintiff's complaint, defendant denied that Dr. Menezes and Pasic were agents of the hospital.        

On January 10, 1996, the trial court granted summary judgment in favor of defendant.  On August 21, 1996, the trial court approved a settlement between plaintiff and Dr. Menezes.  On September 12, 1996, after a trial, the jury entered a verdict in favor of Pasic, specifically finding her not guilty of negligence.  

In his appeal, plaintiff argues that Dr. Menezes failed to implement adequate discharge care for plaintiff and the inadequate discharge care was the proximate cause of plaintiff's injuries.  To reach defendant, plaintiff contends that Dr. Menezes was the actual or apparent agent of defendant.  Accordingly, plaintiff asserts that summary judgment in favor of defendant was not proper.  

In reviewing a summary judgment order on appeal, this court applies a 
de
 
novo
 standard of review (
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992)) and considers the record as it existed when the trial court issued its order (
Masciola v. Chicago Metropolitan Ski Council
, 257 Ill. App. 3d 313, 316 (1993)).   

We agree with plaintiff that the record, as it existed at the time the summary judgment order was entered, might well have been sufficient to withstand summary judgment under the theory of apparent agency.  In addition, contrary to defendant's argument, the issue of apparent agency can be considered even if plaintiff simply pled in his complaint that Dr. Menezes was an agent or employee of defendant and did not specifically plead that Dr. Menezes was an apparent agent of defendant.  
Gilbert
, 156 Ill. 2d at 527.   

In the present case, however, even assuming that Dr. Menezes could be an agent of defendant, as plaintiff adamantly argues, the settlement agreement between plaintiff and Dr. Menezes extinguished any possible liability of defendant.  In 
Gilbert
, the Illinois Supreme Court clearly held that "'any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability.'"  
Gilbert
, 156 Ill. 2d at 528, quoting 
American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center
, 154 Ill. 2d 347, 355 (1992).  The supreme court further concluded that the settlement rule "shall apply prospectively from the date of the filing of this opinion."  
Gilbert
, 156 Ill. 2d at 529.  The supreme court filed the 
Gilbert
 decision in October 1993 and the trial court approved the settlement in the present case in August 1996, 
i.e.
, nearly three years after the 
Gilbert
 opinion was issued.  Therefore, even if this court ruled in favor of plaintiff by finding that Dr. Menezes was or could be an agent of defendant for the purpose of withstanding a summary judgment motion by defendant, such finding, in turn, would be rendered meaningless because the settlement between plaintiff and Dr. Menezes extinguished any vicarious liability on the part of defendant pursuant to the prospective application of the settlement rule announced in 
Gilbert
.  

As the agent or nonagent status of Dr. Menezes presents a futile exercise here, so also does the consideration of Pasic.  First, in his appeal to this court, plaintiff advances no arguments concerning Pasic as the source of liability for defendant.  Second, even assuming the alleged agency between Pasic and defendant were asserted and this court found Pasic to be an agent of defendant, the jury verdict in her favor vitiates any liability on the part of defendant because an adjudication on the merits as to either an agent or a principal operates as an adjudication as to the other.  
Towns v. Yellow Cab Co.
, 73 Ill. 2d 113, 124 (1978).  Therefore, even assuming Pasic could be a possible agent of defendant, she was judicially determined not to be negligent and such decision constitutes an adjudication to defendant as her alleged principal.  

Finally, we note that the only count in plaintiff's complaint alleging independent liability on the part of defendant concerned the insurance proceeds available to plaintiff.  Although no mention is made of the allegation regarding insurance proceeds, plaintiff urges this court to consider imposing liability on defendant based on the discharge plan of defendant, including reference to defendant's bylaws.  Plaintiff maintains that he would have amended the complaint during discovery to include a proper allegation of independent liability on a different basis and concedes that such allegations of independent liability were not explicitly stated in his complaint.  We must reject plaintiff's urging because a plaintiff obviously cannot initiate a new allegation or complaint in the appellate court.  

In light of the settlement between plaintiff and Dr. Menezes and the explicit holding in 
Gilbert
, we are compelled to affirm the trial court's summary judgment order in favor of defendant.  In addition, even assuming the issues were available for our review, the jury verdict finding Pasic not guilty of negligence and the absence in plaintiff's complaint of any allegation of defendant's liability independent from Dr. Menezes and Pasic preclude us from holding otherwise.  

Affirmed. 

THEIS and ZWICK, JJ., concur.