HEIDI LEVITT et al., Plaintiffs-Appellants, v. CHERYL HAMMONDS, Defendant (Windy City Coaches, Defendant-Appellee).

First District (2nd Division)   No. 1—92—1922

Opinion filed November 9, 1993.

Benjamin & Shapiro, Ltd., of Chicago (Gary B. Katz and Fred I. Benjamin, of counsel), for appellants.

Arnstein & Lehr, of Chicago (Arthur L. Klein, Martin H. Alpert, and Nancy J. Montroy, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

This case arises out of a motor vehicle accident. Suit was filed by the driver and the occupant of one vehicle against the driver of the other vehicle and her employer. When the driver defendant was dismissed pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), the employer defendant moved for summary judgment based upon *res judicata*. This appeal follows the granting of the motion and raises questions concerning the propriety of that ruling.

On February 15, 1988, plaintiffs Heidi Levitt and Bernard Bryant (collectively, plaintiffs) were involved in a motor vehicle accident with a bus driven by defendant Cheryl Hammonds (Hammonds) and owned and maintained by defendant Windy City Coaches (Windy City). On November 15, 1988, plaintiffs filed a personal injury action against Hammonds and Windy City for injuries sustained in the accident, alleging that Hammonds was the agent of Windy City.

On November 28, 1990, the circuit court granted Hammonds' motion under Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), dismissing the action against her with prejudice. Plaintiffs appealed the dismissal, and this court affirmed on October 22, 1991, in an unpublished order pursuant to Supreme Court Rule 23. (*Levitt v. Hammonds* (1st Dist. 1991), No. 1—91—0086 (unpublished order under Supreme Court Rule 23).) Plaintiffs' petition for leave to appeal was denied by the Illinois Supreme Court (144 Ill. 2d 635).

Following the affirmance of the dismissal, Windy City moved for summary judgment on January 4, 1992, on the ground that, under Supreme Court Rule 273 (134 Ill. 2d R. 273), a Rule 103(b) dismissal with prejudice of the agent is a bar to any subsequent action against the principal. Plaintiffs filed no written response to the motion. The circuit court granted summary judgment to Windy City on May 8, 1992. This appeal followed.

I

Section 2—1005 of the Illinois Code of Civil Procedure, which relates to summary judgment, states as follows:

"The judgment sought shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (735 ILCS 5/2—1005(c) (West 1992).)

The standard of review of an order granting summary judgment is *de novo*; a reviewing court will reverse an order granting summary judgment if it determines that a genuine issue of material fact exists or that the moving party is not entitled to judgment as a matter of law. *Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 450 N.E.2d 1286.

A

■ Plaintiffs first argue that Windy City was not entitled to summary judgment because it denied the existence of agency in its answer, and its motion for summary judgment contains no evidence of agency. Without proof of agency, plaintiffs contend, there is no nexus between the dismissed defendant Hammonds and Windy City, so the reasoning of *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 540 N.E.2d 966, *appeal denied* (1989), 127 Ill. 2d 644, 545 N.E.2d 135, would not apply. *Williams* held that a Rule 103(b) dismissal with prejudice of a defendant employer amounted to an adjudication on the merits under Supreme Court Rule 273, and thus barred further action against the defendant employee in the same case.

Windy City responds that once it admitted agency, as it implicitly did in its motion for summary judgment, and as it explicitly did in oral argument on the motion, no proof of agency was necessary. Windy City further asserts that it denied agency in its answer only because plaintiffs improperly pleaded agency as a conclusion of law.

If Hammonds was Windy City's agent, then under the reasoning of *Williams* and its progeny, *Martin v. Yellow Cab Co.* (1990), 208 Ill.

App. 3d 572, 567 N.E.2d 461 (summary judgment for the principal required because Rule 103(b) dismissal with prejudice of agent acts as *res judicata*), and *Stroud v. News Group Chicago, Inc.* (1991), 215 Ill. App. 3d 1006, 576 N.E.2d 152 (same), the Rule 103(b) dismissal of Hammonds was an adjudication on the merits under Supreme Court Rule 273, and subsequent action against Windy City in the same cause of action was barred.

It is clear from the record that Hammonds was Windy City's employee and agent. Although Windy City denied plaintiffs' conclusory allegations of agency in its answer to the complaint, it admitted agency through a combination of its motion for summary judgment and its explicit statement during oral argument on the motion. Plaintiffs' argument to the contrary is unavailing.

### B

Plaintiffs argue alternatively that Windy City was not entitled to summary judgment on the entire complaint. They contend that their complaint contained an allegation that Windy City's vehicle was not equipped with proper brakes, and that this allegation was not based upon vicarious liability through agency but rather upon Windy City's own negligence. Windy City responds that each and every allegation of the complaint arose out of Hammonds' operation of the vehicle and, further, that even if there was an independent allegation against it, plaintiffs were obliged to come forward with some evidence in order to overcome its motion for summary judgment.

Paragraph 9 of the complaint alleges:

"In violation of their duty, the Defendants acted or failed to act in one or more of the following ways, amounting to negligent conduct and violating the Motor Vehicle Laws of this State:

\* \* \*

(g) Failed to equip said vehicle with proper brakes, contrary to and in violation of Chapter 95&1/2 [*sic*], Section 12—301(a) of the Revised Statutes of the State of Illinois."

Despite Windy City's assertions to the contrary, this allegation does not arise solely out of Hammonds' operation of the vehicle. Section 12—301(a) of the Illinois Vehicle Code requires a motor vehicle operated upon a highway to be equipped with brakes adequate to control its movement and to stop and hold it. (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 12—301(a) (now codified at 625 ILCS 5/12—301(a) (West 1992)).) Equipping the vehicle with brakes is the responsibility of the manufacturer, but maintaining the brakes in the proper condition

could under some circumstances be the responsibility of the operator, and may also be the responsibility of the owner. (See *Galluccio v. Hertz Corp.* (1971), 1 Ill. App. 3d 272, 274 N.E.2d 178.) Here, Windy City had admitted ownership and maintenance of the vehicle in its answer to the complaint, and whether it was liable for negligent maintenance was a fact question.

■ We find untenable Windy City's contention that its denial of negligence required plaintiffs to come forward with some evidence in order to overcome summary judgment. We note that Windy City itself came forward with no evidence regarding the allegedly faulty brakes, its motion having been based upon the Rule 103(b) dismissal of Hammonds and the fact of agency. Windy City thus ignored paragraph 9(g) of the complaint, which was directed at it in its own right, rather than as the principal of Hammonds.

There was, then, an allegation of negligence and a denial of negligence. No evidence, in the form of depositions, admissions, or affidavits, was presented by either side.

At the summary judgment stage of a proceeding, the pleadings, depositions, and affidavits must be construed most strictly against the moving party and most liberally in favor of the opponent. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) Without depositions or affidavits, the court may consider only the pleadings. Had Windy City presented evidence that the brakes of the vehicle were not defective, its reliance of *Lassai v. Holy Cross Hospital* (1991), 224 Ill. App. 3d 330, 586 N.E.2d 568, would have been appropriate. In that case, an action alleging the defendant hospital failed to perform a CT scan as part of its treatment of plaintiff's decedent, the plaintiffs submitted sufficient evidence to show that genuine issues of material fact remained unresolved, but they did so because the defendant had submitted deposition evidence and affidavits directly bearing on the standard of care and the CT scan. While it is true that, in order to survive a motion for summary judgment, the nonmoving party often must present evidentiary material that establishes a genuine issue of material fact (*Salinas v. Chicago Park District* (1989), 189 Ill. App. 3d 55, 545 N.E.2d 184), that is true where the moving party has presented evidence of its own. Where it has not, as here, there is no such obligation.

Although the circuit court properly granted Windy City's motion for summary judgment as to all allegations dependant upon its relationship to Hammonds pursuant to *Williams* and its progeny, the court improperly granted summary judgment on the entire complaint. We therefore reverse that portion of the summary judgment relating to the allegation of faulty brakes, because a genuine issue of material fact remains to be resolved.

## II

■ Finally, plaintiffs contend that the granting of summary judgment to Windy City deprived them of due process of law under the Illinois Constitution. They contend that because summary judgment was based upon the Rule 103(b) dismissal of Hammonds, and because the dismissal of Hammonds was erroneous, their due process rights were violated. Windy City responds that plaintiffs waived their right to raise a constitutional claim because they failed to raise it earlier. It further contends that plaintiffs are simply attempting to relitigate the Rule 103(b) dismissal.

A party claiming violation of a constitutional right has a duty to raise the argument at the earliest opportunity, and failure to do so constitutes a waiver of the claim. (*In re Adoption of Kindgren* (1989), 184 Ill. App. 3d 661, 669, 540 N.E.2d 485.) In this case, however, plaintiffs raised the claim at the hearing on Windy City's motion for summary judgment sufficiently early in the process to preserve the issue for appeal.

Plaintiffs, however, cite no cases or statutes that support their claim of a due process violation. The two cases they cite relate to the substance of the Rule 103(b) dismissal, in effect arguing that the prior rulings on the Rule 103(b) dismissal were erroneous. Without relitigating that claim, it is clear that due process does not guarantee against erroneous decisions by courts having jurisdiction over the parties and the subject matter (*People's Gas Light & Coke Co. v. Buckles* (1962), 24 Ill. 2d 520, 182 N.E.2d 169, *cert. denied* (1962), 371 U.S. 185, 9 L. Ed. 2d 227, 83 S. Ct. 266; *Chicago Land Clearance Comm'n v. Darrow* (1957), 12 Ill. 2d 365, 146 N.E.2d 1; *Illini Coach Co. v. Illinois Commerce Comm'n* (1951), 408 Ill. 104, 111, 96 N.E.2d 518), even assuming the earlier decision was erroneous. A constitutional question is not present because a court may have misconstrued the law or committed error. (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 413, 259 N.E.2d 282, *cert. denied* (1970), 400 U.S. 926, 27 L. Ed. 2d 186, 91 S. Ct. 188; *Grant, Schon, Wise & Grant, P.C. v. R.W. Borrowdale Co.* (1983), 114 Ill. App. 3d 89, 93, 448 N.E.2d 574.) A court having jurisdiction has jurisdiction to decide erroneously as well as correctly. (*La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 337 N.E.2d 19.) Thus, even if, *arguendo*, the previous rulings on the Rule 103(b) dismissal were erroneous, plaintiffs have failed to demonstrate a due process violation.

For the foregoing reasons, we reverse the circuit court's granting of summary judgment as to the faulty brakes issue, affirm the granting of summary judgment premised on the Rule 103(b) dismissal

as to all other issues, and remand the cause for action consistent with this opinion.

Affirmed in part; reversed in part and remanded.

HARTMAN and SCARIANO, JJ., concur.