(No. 96-CC-0163—

JOSEPH M. GLISSON, Claimant, *v.* SOUTHERN ILLINOIS UNIVERSITY, Respondent.

*Opinion filed December 27, 1995.*

*Opinion filed October 18, 1996.*

JOSEPH M. GLISSON, *pro se*, for Claimant.

LEE ELLEN STARKWEATHER, for Respondent.

## OPINION

EPSTEIN, J.

Claimant Joseph M. Glisson filed his 4-count, 77-paragraph verified complaint *pro se,* in which he alleges libel and slander by the Respondent, Southern Illinois University (SIU), through the acts of certain of its employees. These claims for declaratory and injunctive relief and damages are before the Court on the Respondent's motion to dismiss.

Respondent's motion is based on the statutory tort notice requirement of section 22—1 of the Court of Claims Act (705 ILCS 505/22—1); Respondent asserts that Claimant did not comply with our rule 50(b) (74 Ill. Adm. Code 790.50(b)) [Complaint—Required Provisions, (b) Personal injuries] in that Claimant's complaint in this Court failed to have attached to it

"* * * copies of the notices served as required by Sec. 22—1 of the Court of Claims Act [citation omitted], showing how and when such notices were served."

It is undisputed that Claimant Glisson did not file the statutory notice with the Attorney General or with our clerk and did not attach such notice to his complaint.

Compliance with the notice requirement is jurisdictional. While timely inclusion of the notice with a complaint in this Court can satisfy both the statute and the rule (*Crosier v. State* (1988), 40 Ill. Ct. Cl. 202), it is also clear that the rule is coextensive with the statute, which it implements. Service and filing of the notice are not required if the notice statute is inapplicable, which is what Claimant contends in reply to the University's motion.

Mr. Glisson argues that the statutory notice requirement does not apply to defamation actions, like the libel and slander claims in this case, for which he relies primarily on the language of section 22—1. The specific statutory construction issue thus presented by this motion is whether or not defamation actions are claims "on account of * * * injury to [the] person" within the meaning of the section 22—1 notice statute.

Although neither of the parties has drawn our attention to precedents, this Court has held that a slander action:

"* * * is a 'personal action' but not an action for personal *injuries*. Therefore, notice [i]s not required to be filed pursuant to section 22—1 of the Court of Claims Act." *Fryman v. Board of Trustees of the University of Illinois* (1989), 42 Ill. Ct. Cl. 132, 135 (order on motion to dismiss, per Raucci, J.)

*Fryman* would end the debate in this case, except for two factors that prompt us to revisit this narrow but recurring issue. First, in *Fryman*, which involved a slander claim, this procedural issue was disposed of by summary order. Second, two arguments are advanced here that were not raised in *Fryman* which warrant a fresh review and opinion by this Court.

Section 22—1 of the Court of Claims Act provides, in relevant part (emphasis added):

"§22—1. [**Actions for personal injuries—Notice—Contents.**] Within 1 year from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any action in the Court of Claims against * * * the Board of Trustees of Southern Illinois University * * * for damages on account of *any injury to his person* shall file in the office of the Attorney General and also in the office of the Clerk of the Court of Claims, either by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, a brief description of how the accident occurred, and the name and address of the attending physician, if any, except as otherwise provided by the Crime Victims Compensation Act." 705 ILCS 505/22—1.

Respondent urges that the statutory phrase "injury to his person," which defines the class of claims to which

this notice requirement applies, should be construed to include defamation claims on the basis of the character of defamation injuries and the legal meaning of the terms employed in the statute. Respondent does not, however, cite any settled definition or judicial construction of "injury to the person," and we have found none.

Nevertheless, Respondent cites an encyclopedia definition of the similar term "personal injury" (74 Am. Jur. 2d Torts, §2) and a statement from the same treatise that "Defamation law protects interests of personality, not of property." (50 Am. Jur. 2d, Libel and Slander, §2.) Finally, Respondent advances a statutory construction argument based on the Illinois General Assembly's treatment of the identical phrase in a separate statute (the Survival Statute, 735 ILCS 5/27—6) where the legislature specified survival of damages actions for "injury to the person [except slander and libel]." This legislative usage is said to demonstrate the legislative meaning or understanding of the term "injury to the person" to include defamation injuries.

We are unpersuaded by the definitional arguments revolving around the similar but distinct phrase "personal injury." Indeed, the fact that the phrase "personal injury" seemingly has a fairly settled legal meaning, while the less common usage "injury to the person" does not, at least suggests that a different meaning might have been intended. Neither argument, however, is compelling.

Respondent's second contention, based on the legislative usage, in another act, of the same term with the limiting parenthetical qualifier, is a cogent legislative interpretation argument. However, upon close examination, that legislative usage in the survival statute discloses little more than that its legislative draftsman or draftswoman considered that the unqualified phrase "injury to the person" *might* include defamation injuries, not that it necessarily

does. This conclusion flows from the unusual employment of a parenthetical qualifier in this statute—a hesitant clarifier—as well as from the absence of any settled common law definition for this legal term to which the legislative drafter might have been responding. In this context, the parenthetical is evidence of the *absence* of a defined meaning much more than it is evidence reflecting the existence of one.

The term "injury to the person" standing alone is remarkably ambiguous with respect to injuries to reputation; the phrase does not itself include nor exclude defamatory injuries. Whether the phrase was intended to include or exclude defamation injuries, therefore, turns on manifested legislative intent, for which one must turn to the statutory context, the legislative purpose of the Act or of the statutory amendment that added the phrase and, where available, the legislative debates and other legislative history.

The legislative purpose and language of this section 22—1 tort notice statute (705 ILCS 505/22—1) strongly indicate that the phrase "injury to the person" was intended to have its narrower meaning here, where "person" means the physical person, rather than the broader reference to personal rights. The Claimant, arguing *pro se*, nicely summarizes the point in his argument that section 22—1 requires notice for *"bodily* injury" type of damages claims. We essentially agree.

Both the ensuing language of section 22—1 of the Court of Claims Act, as well as its prescription of the kinds of information required to be disclosed, make it clear that physical or bodily injury is the subject—and the sole object—of this notice requirement. Several of the mandated informational disclosures would have little or no application to defamation torts. This statutory provision clearly focuses on physical not verbal torts. And its

purpose, to allow the State to timely investigate the occurrence that gave rise to the impending tort claim, is also focused on the physical evidence involved. For libel and slander claims, an urgent need to collect and analyze and preserve physical evidence and to interview and preserve testimony of third-party witnesses, is hardly necessary as a matter of routine.

Finally, we must emphasize the unspoken premise of statutory tort claim notice requirements, which is timing. The underlying purpose of these notice requirements is to mandate *early* notice of the central facts of an incident to be litigated *before* the complaint is filed (which ordinarily will communicate the same information and more) which can be long after the incident. The potential time gap between the incident and the filing of the complaint is determined by the applicable statute of limitation (or of repose). The notice requirement is necessary to protect the Respondent's ability to defend—especially to gather evidence before it goes stale—because the Claimant can wait till the end of the limitation period to file.

In the case of libel and slander actions in Illinois, where the normal limitation period has long been one year (735 ILCS 5/13—201), this one-year notice statute normally has no application at all and serves no purpose. Indeed, the notice requirement is ordinarily moot. In this context, it is very difficult to argue that the General Assembly intended that defamation claims were a target of the notice requirement.

For all of the foregoing reasons, we adhere to *Fryman v. Board of Trustees of the University of Illinois* (1989), 42 Ill. Ct. Cl. 132, and again hold that the notice requirement of section 22—1 of the Court of Claims Act does not apply to defamation claims. Accordingly, the Respondent's motion to dismiss based on the section 22—1

notice requirement must be, and is, denied. This cause is remanded to a commissioner for further proceedings.

Motion denied; claim remanded.

## OPINION ON SECOND MOTION TO DISMISS

EPSTEIN, J.

These libel and slander claims are back before the Court on the Respondent Southern Illinois University's second motion to dismiss. We previously upheld Claimant Glisson's *pro se* four-count complaint against Respondent's procedural objection under the tort notice requirements of section 22—1 of the Court of Claims Act (705 ILCS 505/22—1), in our opinion filed December 27, 1996.

The Respondent now attacks Mr. Glisson's complaint on more substantive but still procedural grounds in its section 2—619 motion to dismiss, which contends that Mr. Glisson's *respondeat superior* claims against the University are barred by *res judicata* (by the judgment against Claimant's libel/slander claims against the alleged tortfeasor-employee) and by the one-year Illinois statute of limitations for defamation actions. 735 ILCS 5/13—201.[1]

### The *Res Judicata* Arguments

Respondent contends that these defamation claims against it are barred by the August 3, 1995, judgment in *Glisson v. Wright*, No. 95-L-151, Circuit Court, First Judicial Circuit, Jackson County, Illinois (William G. Schwartz, J.), which dismissed with prejudice Claimant's libel and slander claims against Ms. Wright individually. Respondent urges that that judgment was on the merits,

---

[1] Respondent's motion also argues (Pt. II, pars. G-I) that the University is not liable under *respondeat superior* because the alleged tortious conduct of its employee was "not within the scope of her employment as alleged ° ° °." This independent contention is unsupported by evidentiary material, as is required of section 2—619 motions based on facts *dehors* or contrary to the allegations of the complaint. Accordingly, this argument is disregarded.

that it adjudicated the underlying tort claims on which this case is based, and that it bars these claims which assert *respondeat superior* liability of the University as Wright's employer. Respondent points out that the Claimant has acknowledged in this Court that his circuit court claims against Ms. Wright "aris[e] out of the same occurrences" as his claims against the University here. Compl., at 24; Additional Required Provisions, par. 8.

Claimant offers two responses. He first points out that the circuit court judgment was appealed, and urges that a ruling on *res judicata* is premature until the appellate process finally affirms or reverses the judgment for Ms. Wright. Second, Claimant says that his circuit court complaint is "not identical" to his complaint in this Court, from which he argues that "it is possible" he could lose the appeal "and still have a viable case against SIU."

Analysis: *Res Judicata*

We agree with Claimant that the *res judicata* issue is not ripe for decision while the circuit court judgment is not final. We have therefore stayed our proceedings. However, on July 26, 1996, the Appellate Court issued its Rule 23 Order affirming the dismissal with prejudice of Claimant's actions against Respondent's employee. (*Glisson v. Wright* (5th Dist. 1996), No. 5-95-0712, Rule 23 order.) No further appeal was taken.[2]

The appellate court rejected Mr. Glisson's libel and slander claims outright. That court held that the alleged statements and publications by Ms. Wright were not libelous *per se* and in their context were not libelous at all under Illinois' innocent construction rule (*Glisson v. Wright*, at 6-8), and at most constituted protected expressions of opinion (*id.*, at 8.) The appellate court did not rely on, but also did not reverse, Judge Schwartz' finding that

[2] It must be noted that neither Claimant nor Respondent bothered to inform this Court that the Appellate Court had issued its decision in *Glisson v. Wright*.

"* * * the plaintiff [Mr. Glisson] * *. * has been actively involved in the public debate regarding logging in the Shawnee Forest. By placing himself in that debate, he has placed himself and his opinions in the public arena of comment." *Glisson v. Wright*, No. 95-L-151 (Cir. Ct., 1st Jud. Cir., Jackson Co., 1995), at p. 3.

In any event, the *Glisson v. Wright* judgment is now final, and is plainly a judgment on the merits by a court of competent jurisdiction. It is thus *res judicata* as to the libel and slander claims against Ms. Wright. Accordingly, insofar as Mr. Glisson's claims against the University are based on Wright's alleged tortious acts, and insofar as the University's liability rests on *respondeat superior,* it is clear that the judgment in favor of Ms. Wright bars the derivative action against her employer on the same underlying tort. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217; *Leavitt v. Hammonds* (1993), 256 Ill. App. 3d 62, 628 N.E.2d 280.) The "Towns Rule" (see *Bachenski v. Malnati*, 11 F. 3d 1371 (7th Cir. 1993)), is a straightforward application of the bar wing of the three-winged *res judicata* doctrine.

### Other Bases of University Liability

The only remaining inquiry is whether there is embedded somewhere in this tree-savaging 27-page+ complaint any other—*i.e.*, any unbarred—basis for defamation liability of the Respondent University. This inquiry is prompted but unaided by Claimant's cryptic contention that his complaint in this Court is "not identical" to his adjudicated allegations in the circuit court. Assuming that to be true—although the naked eye fails to confirm this—the pertinent but ignored question is whether there is any substantively *material* difference between the two sets of allegations. Claimant Glisson, a man of no few words, cannot somehow find 77 syllables to explain just how his 77-paragraph complaint in this Court differs from his 58-paragraph complaint in the circuit court. Nor does he dispute Respondent's contention that the *sole* basis of the University's liability asserted by the complaint here is *respondeat superior:*

We have nevertheless reviewed Mr. Glisson's complaint for allegations of: (1) any non-Wright-based libel or slander claims against the University; and (2) any direct, non-derivative liability on the part of the University. We find neither. That, finally, ends the analysis.

### The Statute of Limitations Issue

Because the *respondeat superior* liability of the Respondent is barred by the circuit court judgment, and because the Claimant has asserted no other basis of liability against the Respondent, the foregoing analysis disposes of these claims and we need not address the limitations issues advanced.

### Conclusion and Order

The Respondent's section 2—619(4) motion to dismiss these claims as barred by the judgment in *Glisson v. Wright* (Cir. Ct., Jackson Co., 1995, No. 95-L-151), *aff'd* (App. Ct. 5th Dist. 1996, Rule 23 order, No. 5-95-0712), is granted. These claims are dismissed with prejudice.