(Nos. 87-CC-2817, 87-CC-2905 cons.—

HOPE D. HUGHES, and MARJORIE OCASEK, as Administrator of the Estate of DONNA SCALAFANI, Deceased, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 25, 1997.*

REIBMAN, HOFFMAN & BAUM, and CONNEY & CONWAY, for Claimants.

JIM RYAN, Attorney General (SEBASTIAN N. DANZIGER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Respondent's, State of Illinois, motion to dismiss pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/1-619(a)(5)) and section 790.90 of the Court of Claims' Regulations (74 Ill. Admin. Code 790), the matter having been fully briefed, and the Court being otherwise duly advised in premises:

The court finds Donna Scalafani and Hope D. Hughes were traveling southbound on North Lakeshore Drive in the city of Chicago on March 17, 1986. A vehicle in the northbound lanes allegedly crossed the center median, colliding with Claimants' vehicle. The Claimants were injured. Scalafani's injuries were fatal.

The Claimants, Hughes and Ocasek, each filed a cause of action on March 16, 1987 (for Hughes) and on

March 17, 1987 (Kahn, later substituted by Ocasek, for Scalafani). The Claimants claim that the State was negligent in its design and maintenance of the area of Lake Shore Drive on which the incident occurred.

The Respondent filed a motion to dismiss the Claimants' claims based upon the Claimants' failure to exhaust remedies. The roadway was subject to an agreement with the city of Chicago and the Respondent. The Claimants filed suit against the city in Circuit Court. This Court placed these matters on general continuance pending the Circuit Court's decision.

In their case against the city of Chicago, the Claimants asserted the identical theories of liability as asserted against the State, negligent design and negligent maintenance. The city of Chicago filed for summary judgment.

The Court granted summary judgment to the city as to the negligent design claim, based on the statute of repose barring Claimants' claims. The Court denied the city's summary judgment motion on the negligent maintenance issue.

The Claimants did not proceed to trial on the remaining negligence maintenance issue. Instead, the Claimants chose to voluntarily dismiss their negligent maintenance claims. With their voluntary dismissal making the summary judgment final, the Claimants chose to appeal the decision on the negligent design issue. See *Ocasek v. City of Chicago* (1995), 275 Ill. App. 3d 268, 656 N.E.2d 44, 211 Ill. Dec. 852.

The Circuit Court found that in 1966, the city of Chicago, the Chicago Park District, the County of Cook and the Respondent entered into an agreement to redesign Lake Shore Drive. The redesign included the location of the relevant automobile accident. (*Id.* at page 46.) The

Circuit Court found that IDOT had accepted the city's re-design on March 28, 1969. (*Id.* at page 47.) Thus, the statute of repose began running on the date of IDOT's acceptance. The effect was to bar the Claimants' claims. *Id.*

## Discussion

The Respondent raises two arguments for the dismissal of these actions: the statute of repose bars the Claimants' claims against the Respondent and that the Claimants failed to exhaust their remedies against the city.

Claimants filed their negligent design claims in March of 1987. The subject portion of the roadway was redesigned as part of a joint agreement between the city of Chicago, the Chicago Park District, Cook County, and the Respondent. The Respondent accepted the redesign project on March 28, 1969.

Section 13—214 of the Code of Civil Procedure provides:

"§13—214. Construction—Design management and supervision.

Construction—Design management and supervision. As used in this Section 'person' means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or reasonably should have known of such act or omission.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action as provided in subsection (a) of this Section. * * *."

The relevant automobile accident occurred more than ten years following the acceptance of the redesign project by the Respondent. Hence the Court holds that these claims are barred by the statute of repose.

Even if the statute of repose did not bar the Claimants' claims, we would still dismiss this matter based upon the Claimants' failure to exhaust all other remedies. Section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations require Claimants to exhaust all other remedies, whether administrative, legal or equitable, before seeking a determination of claim by the Court of Claims. (705 ILCS 505/25, 74 Ill. Admin. Code 790.60.) Failure to exhaust all other remedies shall be grounds for dismissal. (74 Ill. Admin. Code 790.60.) The Court of Claims has stated that the exhaustion requirement is not an option to be accepted or ignored by Claimants. It is mandatory. See *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, 271-72.

In the instant case, the Claimant had an alternative recovery source, namely the city of Chicago. The trial on the issue was ready to proceed. Instead of exhausting the remedy against the city of Chicago for its claim of negligent maintenance at trial, the Claimants abandoned their claim by voluntary dismissal. The Claimants made a choice not to exhaust their remedy against the city of Chicago. To allow an action to proceed where an alternative remedy exists but was abandoned on the brink of trial renders the exhaustion requirement meaningless. The exhaustion requirement cannot be circumvented by Claimants filing actions against alternative recovery sources and then abandoning the actions. The requirement of exhaustion means exactly what it states, namely that Claimants must exhaust their remedies. Failure to do so requires dismissal of these actions.

It is therefore ordered, adjudged, and decreed that these claims be, and they are hereby, dismissed and forever barred.