(No. 96-CC-0888– )

Thos. M. Madden Co., Illinois Constructors Corp., and Thomas M. Madden Co. and Illinois Constructors Corp., a joint venture, Claimant, v. The State of Illinois, Respondent.

*Opinion filed January 5, 1999.*

Querrey & Harrow (Scott B. Krider, of counsel), for Claimant.

Jim Ryan, Attorney General (Paul G. Arvites, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Epstein, J.

This contractor's claim against the Respondent's Department of Transportation ("IDOT") is before us on the Respondent's motion pursuant to section 2-619(a)(5) of the Code of Civil Procedure to dismiss the claim as time-barred by the 4-year construction claim limitation of section 13-214 of the Code. (735 ILCS 5/13-214.) Claimant disputes the applicability of that statute to this claim, which it maintains is governed by the 5-year contract claim limitation of section 22(a) of the Court of Claims Act. (705 ILCS 505/22(a).)

## The Limitations Issue

This action was filed on October 19, 1995. In this claim, Claimants seek recompense or indemnification under their contract with IDOT (for work on the Dan Ryan Expressway) for any damages that may be awarded against them in a third-party lawsuit pending in the circuit court, which allegedly arises out of the same project and the same work. Claimants were served with service of the circuit court lawsuit on October 23, 1990. At that time, as Respondent correctly contends and as Claimants acknowledge, they knew or should have known of the cause of action against IDOT that they ultimately filed here more than 4 years, but less than 5 years, later.

The issue is which statute of limitations applies to this claim. Respondent contends that section 13—214(a) of the Code of Civil Procedure applies (4-year limitation); while Claimant contends that section 22(a) of the Court of Claims Act (5-year limitation) applies. It is clear that this claim survives if section 22(a) of our Act applies and is barred if section 13—214(a) of the Code applies.

## Analysis

Respondent argues, and Claimant does not dispute, that this contract claim falls within the scope of section 13—214(a) of the Code of Civil Procedure, which provides in material part:

"(a) Actions based upon tort, contract, or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing the action, or his privity, knew or should have known of such act or omission. * * *."

Similarly, Claimant contends, and Respondent does not dispute, that this contract claim falls within the scope of section 22(a) of the Court of Claims Act, which provides in material part:

"§22. **Limitations.** Every claim cognizable by the Court and not otherwise sooner barred by law shall be forever barred * * * unless it is filed * * * within the time set forth as follows:

(a) All claims arising out of a contract must be filed within 5 years after it first accrues * * *."

Respondent argues that the 4-year limitation of section 13—214(a) of the Code of Civil Procedure is an "otherwise sooner" bar of this claim within the meaning of section 22(a) of the Court of Claims Act, and therefore is applicable by its terms *and* by the terms of section 22(a), citing *Hughes v. State* (1997), 49 Ill. Ct. Cl. 56.

Claimant contends that section 22(a) of the Court of Claims Act applies, as the more specific of the two competing statutes. Claimant relies on the principle of statutory construction that a specific provision prevails over a general provision with respect to a subject, as the more dispositive expression of legislative intent. Claimant contends that *this* construction contract claim, although facially subject to section 13—214(a) which *generally* applies to construction actions, is governed by the narrower and more *specific* limitation provisions (*i.e.*, section 22) of the Court of Claims Act. Claimant says that the Court of Claims Act, and section 22 in particular, is the more specific statute because it narrowly governs actions against *one* Respondent, the State, in *one* Court, the Court of Claims, whereas section 13—214 is of more general applicability.

In support of this argument, Claimant relies on *Wheatley v. Chicago Transit Authority* (1st Dist. 1997), 298 Ill. App. 3d 60, 682 N.E.2d 418.[1] In *Wheatley*, the Court held that the limitation in the Metropolitan Transit Authority Act (the "MTAA," which created the Chicago Transit Authority ["CTA"]) controlled over the limitation

---

[1] Claimant also cites *Goodwill Industries of Chicago v. State* (1982), 20 Ill. Ct. Cl. 318, which turned on the proper characterization of the claim, and which we find inapposite to the instant choice-of-limitations issue.

of section 13—214 with respect to a claim against the CTA, on the basis that MTAA section 41 was the more specific statute, and reflected a legislative intent to supersede the general statutes of limitation.

Although it is an interesting academic question whether the "construction claim" scope of section 13—214 of the Code of Civil Procedure is more or less "general" than the "contract claim against the State" scope of section 22(a) of the Court of Claims Act, the *Wheatley* Court's reasoning is persuasive. However, *Wheatley* did not involve, and the *Wheatley* Court did not address, a statutory subordination clause (or "applicability" clause) such as we find in section 22 of the Court of Claims Act. That clause resolves the issue presented.

There is no conflict between section 13—214(a) of the Code and section 22(a) of the Court of Claims Act, because the section 22 clause subordinates all of the section 22 limitation provisions to any other law that "sooner bar[s]" a claim—*i.e.*, section 22 expressly defers to any *shorter* statute of limitations that applies to a particular claim in this Court. The shorter limitation prevails under our statute.

Accordingly, the 4-year limitation of section 13—214(a) applies to this claim, and under section 22 of our Act is a "sooner bar[ring]" law that controls over the section 22(a) 5-year limitation. We therefore find that this claim was barred in October 1994, well before its filing in October 1995.

## Order

It is hereby ordered: This claim is barred by section 13—204(a) of the Code of Civil Procedure, and is dismissed with prejudice.