(No. 97-CC-3911—)

KAREN SARPOLIS, Claimant, *v.* BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion on motion to dismiss filed January 5, 1999.*
*Order filed February 29, 2000.*

KAREN SARPOLIS, *pro se.*

ARNSTEIN & LEHR (NORMAN P. JEDDELOH, of counsel), for Respondent.

OPINION ON MOTION TO DISMISS

EPSTEIN, J.

These tortious interference with contract, fraudulent misrepresentation, and defamation claims against the

University of Illinois (the University or Respondent) are before us on the Respondent's motion pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5)) to dismiss the tortious interference and fraudulent misrepresentation claims as time-barred by the two-year residual limitation of section 22(h) of the Court of Claims Act (705 ILCS 505/22(h)), and to dismiss the defamation claim as time-barred by the one-year limitation of section 13—201 of the Code of Civil Procedure. 735 ILCS 5/13—201.

## The Limitations Issue

This action was filed on May 22, 1997, sounding in tortious interference with contractual rights, well over two years, but less than five years after the allegedly tortious conduct of University officials that gave rise to the Claimant's various cause(s) of action.

The issue as to each of the three claims is which statute of limitations is applicable. As to the tortious interference claim, and apparently as to the fraudulent misrepresentation claim, the applicability dispute is between section 22(a) of the Court of Claims Act (five-year limitation for claims "arising out of a contract") (705 ILCS 5/22(a)) and section 22(h) of the Act (two-year limitation for "all other claims" not otherwise covered by sections 22(a) through 22(g)) (705 ILCS 5/22(a)-(g)). Claimant disputes the applicability of section 22(h) to the tortious claim, which she maintains is governed by the five-year contract claim limitation of section 22(a) of our Act because her tortious interference claim "arises out of" her student contract with the University.

As to the defamation claim, and seemingly also as to the misrepresentation and tortious interference claims, Claimant asserts that the statute did not commence to

run against her until her discovery, in May 1997, of communications from University officials to Northwestern University, and that this critical information was withheld from her by the Respondent until she forced disclosure by invoking federal statutory rights in a complaint to the U.S. Department of Education. Claimant thus invokes a tolling defense against the applicable limitations.

## Analysis

Claimant's tortious interference with contract claim sounds in tort, and is not covered by any of the specific statutes of limitation in sections 22(a)-(g) of our Act; this claim is therefore governed by the residual two-year statute of limitation in section 22(h) of our Act. Claimant's argument that the specific "contract" limitation of section 22(a) applies is clever, but without basis.

A tortious interference with contract claim is not a claim *"arising out of* a contract" (emphasis added) although it surely pertains *to* a contract and to contractual rights that are allegedly injured. Any act that constitutes a tortious interference with a contract is, by definition, an act *against* a contract or a contractual right. The section 22(a) language "arising out of a contract" refers to the *claim* and its legal basis. A contract may be the target of a tortious act, but is not the legal basis of a "tortious interference" claim. A tortious interference act is actionable not because the contract makes it wrongful but because the civil law of torts makes it wrongful. A tort claim "arises out of" duties imposed by law, not duties imposed by contract. This same reasoning applies to Claimant's misrepresentation claim, which is also a tort.

Claimant is misguided when she cites appellate decisions that hold that these kinds of tort actions are subject to a five-year limitation in the circuit court under the residual

limitation provision. (See section 13—205 of the Code of Civil Procedure, 735 ILCS 5/13—205); *e.g., Johnson v. Lincoln Christian College* (4th Dist. 1986), 150 Ill. App. 3d 733, 501 N.E.2d 1380; *Collucci v. Chicago Crime Commission* (1st Dist. 1975), 31 Ill. App. 3d 802, 334 N.E.2d 461.) The fact that section 13—205, standing alone, provides a five-year limitation, is not dispositive in this Court.

The limitations analysis for actions in the circuit court is governed exclusively by the limitations in Article 13 of the Code of Civil Procedure (and any specific provisions in other statutes, usually as to statutory actions). Claims in the circuit court, unlike claims in this Court, are not subject to the limitations in the Court of Claims Act. Our Act not only imposes different limitations on some particular kinds of claims than does the Code, but is written to address fewer and different categories of claims than is the more detailed Code of Civil Procedure. The Court of Claims Act limitations apply uniquely in this Court, but not exclusively.

The limitations analysis is simply not the same in this Court as in the circuit court. In that court, as observed above, the Code limitations are normally the only applicable limitations. In this Court, however, the limitations in our Act (set out in section 22) are the primary, but not exclusive, limitations. This Court must also look to the limitations under the Code (and any other applicable statutes) to see if any *shorter* limitation also applies to a claim before us. Section 22 of our Act dictates to us—and to litigants in this Court—that where both our Act *and* another statute both apply, the *shorter* statute of limitations controls. (See *Thomas M. Madden Co. v. State* (1998), 51 Ill. Ct. Cl. 317.) For this reason, the one-year limitation of section 13—205 of the Code of Civil Procedure governs Claimant's defamation claim.

Because of our holding that the defamation claim is subject to the one-year limitation, we need not now address the related point argued by the parties as to whether or not Claimant was required to file a notice of claim under section 22—1 of our Act. However, see *Glisson v. Southern Illinois University* (1996), 49 Ill. Ct. Cl. 174 (order on first motion to dismiss) (1995); *Fryman v. Board of Trustees of the University of Illinois* (1989), 42 Ill. Ct. Cl. 132, 135 (order on motion to dismiss; Raucci, J.).

For the foregoing reasons, Claimant's three claims are each time barred, unless the limitations periods were tolled by the Respondent's "withholding" of information. Claimant now claims in her brief that the Respondent's conduct prevented her from learning of the allegedly wrongful acts until May 1997, and thus tolled the limitations periods.

However, we are not persuaded that the facts alleged in the complaint give rise to a tolling of any of the applicable limitations statutes, and the parties have not adequately addressed either the factual or legal issues generated by the claimed tolling. On the current record, we therefore would have to reject Claimant's tolling argument.

However, Claimant appears to have anticipated her failure to prevail on this motion, and has requested leave to file yet a second amended complaint, to which the Respondent has not interposed objections. Accordingly, but reluctantly, the Court will allow this *pro se* Claimant one more chance to plead a survivable claim. Although this Court does not have a three-strike rule on repleadings, we note that there is much wisdom in this traditional American limit, and caution that after three strikes there is a greater burden of persuasion to convince us that the same batter deserves more pitches.

## Order

For the foregoing reasons, it is hereby ordered:

1. These claims are dismissed as barred by the applicable statutes of limitations;

2. Claimant is granted leave to file a second amended complaint, in which she must allege facts that give rise to a tolling of the applicable statutes of limitations, not later than 28 days after the date of this order;

3. If a second amended complaint is not filed by the date required in this order, these claims shall be dismissed with prejudice.

## ORDER

EPSTEIN, J.

This cause is before the Court on the Court's own motion.

On June 21, 1999, this Court ordered Claimant to file either a second amended complaint or a motion to reconsider by July 13, 1999. Claimant has filed neither.

It is hereby ordered that this cause is dismissed with prejudice.