TED BRADY *et al.*, Plaintiffs-Appellants, v. RICHARD JOOS *et al.*,
Defendants-Appellees.

First District (2nd Division)   No. 1—92—4208

Opinion filed February 7, 1995.

Sternberg & Associates, P.C., of Chicago, for appellants.

Conklin & Roadhouse, of Chicago (Timothy J. Forman, of counsel), for appellee North Star Transport, Inc.

Iversen, Carlson & Associates, of Chicago (Herbert P. Carlson and Gerard C. Fosco, of counsel), for appellee Preston Trucking Company, Inc.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiffs Ted Brady and Brian Brock appeal from the entry of summary judgment in favor of defendants Preston Trucking Company, Inc. (Preston), and North Star Transport, Inc. (North Star). On appeal, plaintiffs contend that (1) the circuit court erred when it found that the previous dismissal of codefendant Richard Joos with prejudice pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) constituted a judgment on the merits; (2) the circuit court inappropriately modified the Rule 103(b) dismissal order by a previous judge; and (3) summary judgment was inappropriate.

On March 29, 1994, we issued an opinion affirming the judgment of the circuit court. (*Brady v. Joos* (1994), 259 Ill. App. 3d 813, 632 N.E.2d 200.) Subsequently, on December 6, 1994, in the exercise of its supervisory authority, the supreme court directed us to reconsider our judgment in light of an opinion it issued on September 29, 1994, *Downing v. Chicago Transit Authority* (1994), 162 Ill. 2d 70, 642 N.E.2d 456. Pursuant to that directive, we have reconsidered our earlier opinion and now withdraw it and, for reasons that follow, reverse the judgment of the circuit court.

On July 19, 1984, plaintiffs were injured when the truck in which they were traveling collided with a truck driven by Joos. At that time, Joos' truck was owned by him, leased to Preston, and "trip leased" to North Star. On July 18, 1986, plaintiffs filed a complaint alleging that Joos negligently operated his vehicle and that Preston and North Star were jointly and severally liable with him under the doctrine of *respondeat superior*. Plaintiffs also alleged that Preston and North Star were negligent in their maintenance of the vehicle.

On August 6, 1990, Preston moved to dismiss codefendant Joos pursuant to Supreme Court Rule 103(b) for lack of diligence in serving him process. On November 14, 1990, a hearing was held on the motion. At the hearing, the judge stated:

"[P]ursuant to Supreme Court Rule 103(b) the plaintiff's, plural, [*sic*] action against the defendant Richard Joos is dismissed and it is dismissed with prejudice.

However, I wish the order to reflect under no circumstances should this order be interpreted as an adjudication on the merits of plaintiffs' claim against the defendant, Joos, but should be solely and exclusively interpreted as a dismissal of the defendant Joos based upon the provisions of [R]ule 103(b) for failure to exercise due diligence in effectuating service."

When Preston's counsel argued that "with prejudice is synonymous with adjudication on the merits," the judge responded that he understood that a dismissal on the merits could "extricate the principal trucking company out of the case" unless he specified otherwise under Supreme Court Rule 273 (134 Ill. 2d R. 273). The judge then issued an order stating in pertinent part:

"The complaint of Plaintiffs Ted Brady and Brian Brock, against Defendant Richard Joos, is dismissed with prejudice pursuant to Supreme Court [R]ule 103(b); this order shall not be interpreted as an adjudication on the merits as to plaintiffs' complaint against Richard Joos."

On December 18, 1990, a hearing was held on Preston's motion to vacate the earlier order. At the hearing, the judge stated that he would amend the order to state that the ruling pertained only to the Rule 103(b) claim and should not be interpreted as an adjudication of the merits of plaintiffs' complaint. The judge then discussed the issue with Preston's attorney and stated that under the then recent case of *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 835, 540 N.E.2d 966, and under Rule 273, he was entitled to specify his basis for dismissal so that future courts would know "what will or will not be *res judicata*." The judge then entered the following order:

"The order of November 14, 1990 is hereby amended to read as follows: The Complaint of Plaintiffs, Ted Brady and Brian Brock, against Defendant Richard Joos, is dismissed with prejudice pursuant to Supreme Court [R]ule 103(b); this order shall not be interpreted as an adjudication on the merits of the plaintiffs' claim raised in their defense against Defendant, Richard Joos, but shall be interpreted as an adjudication on the merits of defendants' 103(b) claim."

Thereafter, the matter was transferred to mandatory arbitration where an arbitrator found in favor of defendants and against plaintiffs. On February 18, 1992, plaintiffs filed notice of their rejection of the arbitration award and the matter was then reassigned to the trial call, where it was sent to another judge for trial.

Prior to trial, both North Star and Preston moved for summary judgment alleging that since Joos was no longer a party to the litigation, plaintiffs' theory of *respondeat superior* must necessarily fail. After a hearing on the motion, the new judge ruled on August 4, 1992, that:

"The prior dismissal in this cause, of defendant, Richard Joos, with prejudice is a final judgment on the merits. To the extent any prior order entered in this cause differs with this holding, it is hereby vacated to the extent of that difference but otherwise remains in full force and effect."

Two days later, the judge granted summary judgment as to all issues except for the maintenance issues. On October 28, 1992, summary judgment was granted on the remaining issues.[1] This appeal followed.

Plaintiffs first contend that the December 18, 1990, order dismissing Joos was only on the merits of Preston's Rule 103(b) motion and was not a determination of the merits of the underlying claim. They maintain that the first judge "specified otherwise" as authorized by Supreme Court Rule 273. Both Preston and North Star respond that the language of Rule 103(b) mandates that such a dismissal be with prejudice and that Rule 273 provides no authority to the circuit court to specify otherwise.

●1 Supreme Court Rule 103(b) provides in pertinent part:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." 134 Ill. 2d R. 103(b).

Supreme Court Rule 273 provides:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

In the instant case, plaintiffs do not contest the propriety of Joos' Rule 103(b) dismissal. Instead, they assert that the first judge specifically intended to dismiss only Joos and not to resolve the merits of their claim or to preclude the imposition of vicarious liability against Preston and North Star. Because that judge found that the lack of diligence occurred after the expiration of the statute of limitations, the plain language of Rule 103(b) would appear to require that the dismissal be "with prejudice." The appellate court has repeatedly held that a dismissal with prejudice is synonymous to an adjudication on the merits. (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 950,

---

[1]Plaintiffs do not challenge on appeal the granting of summary judgment on the maintenance issues.

420 N.E.2d 425 (stating that "a dismissal with prejudice denotes an adjudication on the merits and is *res judicata*"); *In re Estate of Crane* (1951), 343 Ill. App. 327, 342, 99 N.E.2d 204 (stating that a "dismissal with prejudice is a final judgment on the merits").) Moreover, the appellate court has held that Rule 103(b) must be read in conjunction with Supreme Court Rule 273 (134 Ill. 2d R. 273), which states that unless "otherwise specifie[d]," an involuntary dismissal is considered to be "upon the merits." *Martin v. Yellow Cab Co.* (1990), 208 Ill. App. 3d 572, 575, 567 N.E.2d 461; *Williams*, 184 Ill. App. 3d at 835; *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 671, 455 N.E.2d 200.

■ ■ In *Downing*, the Illinois Supreme Court considered whether summary judgment was properly granted where there had not been an adjudication on the merits, but one defendant had been awarded summary judgment pursuant to Rule 103(b) because the statute of limitations had run before he was added to the complaint. The supreme court listed the three criteria necessary for barring a subsequent action under *res judicata*:

> "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." (*Downing*, 162 Ill. 2d at 73-74.)

The court concluded, as we do here, that the second and third criteria were met. In addressing whether the first criterion was present, the court stated:

> "We disagree that a summary judgment, 'by definition,' means a judgment on the merits. Although a judgment on the merits will oftentimes be the reason for granting summary judgment, this is not always the case. When a summary judgment is granted because the statute of limitations has run, the merits of the action are never examined. To label such an order as an adjudication on the merits would be the quintessential act of exalting form over substance.
>
> Courts cannot ignore the basis on which the summary judgment was granted. If, as in this case, that basis bears no relationship to the actual merits of the case, it would be inappropriate to apply the doctrine of *res judicata* to another party to the action." *Downing*, 162 Ill. 2d at 77.

■ In this case, as in *Downing*, Joos was dismissed from the case for a reason bearing no relationship to the actual merits. Summary judgment was then granted because *respondeat superior* was no longer viable without Joos. Just as in *Downing* where it was error for the circuit court to grant summary judgment because the first element of *res judicata*, that there have been a final judgment on the merits rendered by a court of competent jurisdiction, was not pres-

ent, in this case it was also error to grant summary judgment because there had not been an adjudication on the merits. The first element of *res judicata* is missing.

The circuit court's granting of summary judgment is therefore reversed, and the cause is remanded for trial on the merits. Because we reverse on this basis, it is not necessary for us to consider plaintiffs' other contentions.

Reversed and remanded.

SCARIANO, P.J., and HARTMAN, J., concur.